STATE, Respondent v. ELDER, Appellant

(95 N.W.2d 592)

(File No. 9711. Opinion filed March 23, 1959)

**E. E. Sullivan,** Rapid City, for Defendant and Appellant.

**Phil Saunders,** Atty. Gen., **Benj. D. Mintener,** Asst. Atty. Gen., for Plaintiff and Respondent.

HANSON, P.J. In October of 1957 defendant pleaded guilty to the offense of forgery. The Honorable E. W. Christol, Circuit Judge of Pennington County, received the plea and entered an order suspending imposition of sentence for a period of three years. Defendant was placed on probation, the conditions being that she be a good law-abiding citizen and that she be under the supervision of the State Department of Probation and Parole.

On December 13, 1957 the state's attorney filed an application for revocation of probation. The application was based on information furnished to the state's attorney by other persons. The Honorable Thomas Parker, successor in office to Judge Christol, issued an order to show cause why

probation should not be forthwith revoked and also an order for defendant's immediate arrest. Pending hearing on the application defendant was released on bail. The matter was heard by Judge Parker on December 31, 1957. Defendant appeared in person and by counsel. Witnesses for both the state and defendant testified under oath and were subject to cross-examination. At the conclusion of the hearing the court revoked probation and sentenced defendant to one year in the State Penitentiary. She appeals.

The trial court did not enter a separate Order revoking probation and a Judgment imposing sentence. Instead, one instrument entitled "Order Revoking Probation and Imposing Sentence" was entered. The state questions defendant's right to appeal therefrom.

Where an order revoking probation is followed by a judgment imposing sentence an appeal cannot be taken from the order as a matter of right. It would be reviewable only as an intermediate order in the discretion of this court, SDC 33.0701(6); or, it would be reviewable on appeal from the Judgment imposing sentence. People v. Robinson, 43 Cal.2d 143, 271 P.2d 872. However, defendant's appeal is not limited to the order revoking probation. The notice of appeal states it to be from "the Order Revoking Probation and Sentence and the whole thereof". This must be construed, we believe, as an appeal from a final judgment imposing sentence, regardless of its denomination as an order, and the matters relating to the order revoking probation are properly reviewable on appeal from the final judgment imposing sentence.

In general, defendant questions the summary nature of the revocation proceedings and the sufficiency of the evidence upon which revocation was based.

Our courts are empowered by statute to grant conditional liberty to first offenders by either suspending the execution of sentence under SDC Supp. 34.3708; or by placing the offender on probation and suspending imposition of sentence in accordance with Ch. 202, Laws of 1953. Both procedures invest the courts with broad discretionary authority. Both are alike in spirit, purpose, and practice. Many

of the questions raised by defendant have, therefore, been answered recently by this court in a case involving the revocation of a suspended sentence. In the Matter of the Application of Jerrel, 77 S.D. 487, 93 N.W.2d 614, and see Annotation 29 A.L.R.2d 1074.

■ Probation may be granted when the court having jurisdiction of a defendant is "satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby" and "when a defendant consents thereto". Chapter 181, Laws 1957. "Probation is thus conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion". Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266.

■ Likewise a court is invested with broad discretionary powers in revoking probation. No procedural limitations are prescribed by statute. Our law authorizes a court having jurisdiction over the defendant to "revoke the suspension at any time during the probationary period." It is apparent that "A proceeding for revocation of probation is not one of formal procedure 'either with respect to notice or specification of charges or a trial upon charges'" and "proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A judge in such proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." Manning v. United States, 5 Cir., 161 F.2d 827, 829. In the Matter of the Ap-

plication of Jerrel for a Writ of Habeas Corpus, 77 S.D. 487, 93 N.W.2d 614.

 There is no substance to defendant's objection to the sufficiency of the application for revocation because of its hearsay character. Such application is not required to be in any particular form. It need not be written. It could be oral. Revocation proceedings can be initiated, without formal application, upon the court's own motion. Likewise such proceedings can be initiated upon the recommendation of the Director of the State Department of Probation and Parole. Chapter 36, Session Laws 1957, expressly provides that "The Department shall immediately submit to the Court having jurisdiction of the case the failure of any person in its charge to comply with its directives or with any conditions imposed by the Courts. Whenever the director shall be satisfied that for any reason the purposes or objects of the Court's suspension or probation are not being subserved, or when it appears to him necessary in order to prevent escape or enforce discipline, he or his agents may, without order or warrant, take and detain a probationer and place him in custody and shall immediately submit to the Court having jurisdiction of the case such fact, together with reasons why he believes the purposes and objects of such suspension or probation are not being subserved. The Court shall thereupon consider the recommendations of the director and make suitable disposition thereof which may include revocation of probation or suspension."

 An order of revocation, however, must be based on a factual showing sufficient to justify the exercise of the court's discretion. Otherwise, no particular source, manner, or degree of proof is required. People v. Martin, 58 Cal.App.2d 677, 137 P.2d 468. The parole officer's report, even though based partly on hearsay, was accordingly properly received and considered by the court, especially as the parole officer himself testified under oath and was subject to cross-examination by defendant.

There is ample competent proof in the record from which the trial court could conclude that while on probation defendant was having intimate relations with a married

man in violation of her probationary condition that she be a good law-abiding citizen.

▮ In the orderly administration of justice sentence should ordinarily be imposed by the judge before whom conviction was had. 24 C.J.S. Criminal Law § 1561, p. 21. There is, however, no compelling rule to this effect. There could be none. In probation cases several years may intervene between the plea or verdict and the eventual revocation of probation and imposition of sentence. During the interim vacancies in the office of the trial judge are bound to occur by death, resignation, or otherwise. In such cases the successor judge must necessarily have the power and authority to revoke probation granted by his predecessor and to impose sentence. State ex rel. Amorose v. Dunn, Ohio App., 42 N.E.2d 723; Owens v. Hunter, 10 Cir., 169 F.2d 971, and see Annotation 114 A.L.R. 435. Accordingly, Judge Parker was authorized by virtue of his office to revoke defendant's probation and to impose sentence upon her.

Affirmed.

All the Judges concur.