STATE of South Dakota, Plaintiff
and Respondent,

v.

Jeffrey Wayne BURKMAN, Defendant
and Appellant.

No. 12616.

Supreme Court of South Dakota.

Argued May 11, 1979.

Decided July 11, 1979.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Sidney B. Strange, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

## ACTION

Jeffrey Burkman (Burkman) appeals from the revocation of his probation and the imposition of a two-year penitentiary sentence.

## FACTS

The facts chronologically follow:

June 17, 1977: A grand jury indicts Burkman for distribution of a controlled substance per SDCL 39–17–88.*

September 7, 1977: Burkman enters a guilty plea to the reduced charge of one dose of LSD.

February 16, 1978: The trial court suspends imposition of sentence for four years. Burkman signs the standard probation agreement and agrees to these provisions:

(1) search and seizure;

(2) chemical analysis;

(3) refrainment from associating with known drug users or drug traffickers.

* This statute has since been repealed by Sess.L. 1976, ch. 158, § 42–23.

February 25, 1978: Burkman and Mary Smith are arrested for possession of controlled substances.

May 12, 1978: Burkman is convicted for possession of cocaine.

May 24, 1978: The State files a motion to revoke suspended imposition.

July 7, 1978: An amended motion to revoke suspended imposition is filed urging that Burkman:

    (1) failed to obey all laws;

    (2) failed to associate only with law-abiding persons;

    (3) associated with known drug users.

September 8, 1978: Burkman is sentenced to South Dakota Penitentiary for a two-year term.

## ISSUES

(1) Did the trial court apply an erroneous standard of proof to determine whether Burkman violated a condition of parole?

(2) Was the two-year penitentiary sentence cruel and unusual punishment?

## DECISION

### I.

Burkman urges this court to adopt a "clear and convincing" standard of proof in revocation hearings in order to protect the interests discussed in SDCL 23–57–4. We decline to do so.

A proceeding to revoke probation is not a criminal prosecution. 21 Am.Jur.2d Criminal Law § 568. Four standards of proof have been adopted by the various jurisdictions in revocation hearings: 1) reasonably satisfied, *United States v. Strada*, 503 F.2d 1081 (8th Cir. 1974); 2) a preponderance, *State v. McGinnis*, 243 N.W.2d 583 (Iowa 1976); 3) clear and convincing, *State v. Howard*, 193 Neb. 45, 225 N.W.2d 391 (1975); 4) beyond a reasonable doubt, *People v. Carr*, 185 Colo. 293, 524 P.2d 301 (1974).

In South Dakota, the required standard of proof at a probation revocation proceeding is the "reasonably satisfied" standard. In *Application of Jerrel*, 77 S.D. 487, 93 N.W.2d 614 (1958) this court said:

> Before revoking the suspension of the execution of a sentence by the court there must be some showing that the convicted person's behavior is not good or that he has violated the conditions or restitutions imposed upon him. Such factual showing must be sufficient to justify the exercise of discretion by the court in revoking the suspension.

77 S.D. at 492–493, 93 N.W.2d at 617.

*State v. Elder*, 77 S.D. 540, 95 N.W.2d 592 (1959) expressed that "[a]n order of revocation, however, must be based on a factual showing sufficient to justify the exercise of the court's discretion. Otherwise, no particular source, manner, or degree of proof is required." 77 S.D. at 545, 95 N.W.2d at 595. We also said that:

> "[P]roof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A judge in such proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *Manning v. United States*, 5 Cir., 161 F.2d 827, 829.

77 S.D. at 544, 95 N.W.2d at 594.

The "reasonably satisfied" standard is constitutional. *United States v. Strada*, supra. It has been widely adopted by state and federal courts. South Dakota has adhered to it for years, has found it workable, and has found that it protects the interests of the probationer and the interests of society. We are not convinced that a move away from the "reasonably satisfied" standard is warranted.

We have carefully reviewed the record presented to this court. We are convinced that the "reasonably satisfied" standard was more than adequately met and

that the trial court did not err in revoking Burkman's probation.

## II.

On September 7, 1977, when Burkman pleaded guilty to violating SDCL 39–17–95, the maximum sentence was five years in the penitentiary, a $5,000 fine, or fine and imprisonment. The court suspended imposition on February 16, 1978. Nine days later the State moved to revoke the suspension of imposition. On September 8, 1978, Burkman was sentenced on his September 7, 1977 plea to two years in the penitentiary. On the date of sentencing, the maximum sentence was two years in the penitentiary, a $2,000 fine, or fine and imprisonment. Burkman argues that he thus received the maximum sentence and that it is, per se, cruel and unusual.

The statute allowing the suspension of sentence, SDCL 23–57–4, provides that:

> [T]he court may revoke the suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period.

Where, as here, the imposition of sentence was deferred, sentence will be imposed on the revocation. 21 Am.Jur.2d Criminal Law § 567. The court may impose *any sentence* which it could have *originally* imposed, 5 Wharton's Criminal Procedure § 2194; *Douglas v. Sigler*, 386 F.2d 684 (8th Cir. 1967); *Freeman v. State*, 329 So.2d 413 (Fla.App.1976); *Tyler v. Warden, Maryland Penitentiary*, 2 Md.App. 127, 233 A.2d 380 (1967); *People v. Williams*, 39 Mich.App. 402, 198 N.W.2d 27 (1972).

The change in the statute providing for a two-year penitentiary sentence instead of a five-year sentence appears irrelevant. The court originally could have imposed a five-year sentence; the court could have done so at the revocation. Burkman's two-year sentence, therefore, was anything but cruel and unusual.

The judgment is affirmed.

All the Justices concur.