STATE of South Dakota, Plaintiff
and Appellee,

v.

Marshall Ray OLSON, Defendant
and Appellant.

No. 13227.

Supreme Court of South Dakota.

Argued April 22, 1981.

Decided May 20, 1981.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John P. Abbott of Abbott & Abbott, Brandon, for defendant and appellant.

DUNN, Justice.

This is an appeal from an order revoking a suspended imposition of sentence. We affirm.

On October 2, 1979, Marshall Ray Olson (appellant), pleaded guilty to first-degree burglary and was sentenced to five years in the South Dakota State Penitentiary. The sentence was suspended on the following terms and conditions: (1) That appellant execute the standard probation agreement; (2) that appellant consult with a psychiatrist during probation or as long as necessary; and (3) that appellant consent to a full and complete polygraph monitored clear-out.

On May 29, 1980, appellant was arraigned on four counts of violating SDCL 22–21–1(1)[1] and one count of violating SDCL 22–35–5.[2] The four counts based upon SDCL 22–21–1(1) related to appellant's trespass onto the property of the "Women's Fitness Center" of the YMCA located in Sioux Falls, South Dakota.[3] The single count based upon SDCL 22–35–5 related to an alleged trespass at Augustana College in Sioux Falls.

Appellant pleaded not guilty to these charges and a preliminary hearing was scheduled for July 1, 1980; however, prior

1. SDCL 22–21–1(1) provides that it is a Class 1 misdemeanor for any person who "[t]respasses on property with intent to subject anyone to eavesdropping or other surveillance in a private place[.]"

2. SDCL 22–35–5 provides that it is a Class 2 misdemeanor when: "Any person who, know-

ing that he is not privileged to do so, enters or surreptitiously remains in any building or occupied structure[.]"

3. The "Women's Fitness Center" is a section of the YMCA reserved exclusively for usage by women members thereof.

to the preliminary hearing a motion was made by the State to revoke the suspension of appellant's prior sentence on the burglary conviction. A hearing on this motion was held on July 30, 1980.

At the revocation hearing it was clearly established that appellant was within the "Women's Fitness Center" of the Sioux Falls YMCA. On three separate occasions he was merely seen inside the Center. On March 20, 1980, however, two ladies were using the sunlamp room at the Center; and while they were lying nude in the sunlamp room, appellant pulled back the partitioning curtain and stared at these two naked women. This "peeping tom" was identified by one of the ladies at the revocation hearing as definitely being the appellant. These incidents resulted in the lower court's granting of the State's motion to revoke.

The only issue on appeal is: Whether the trial court acted properly in revoking appellant's suspended execution of the prior sentence?

SDCL 23A–27–13 states, in part, that: "A court may revoke such suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period." Furthermore, SDCL 23A–27–20 states that: "A court shall not revoke a probation or a suspension of imposition of sentence, except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. A defendant may be admitted to bail pending such hearing." We hold that both statutes herein were complied with.

■ This Court, as recently as *State v. Burkman*, 281 N.W.2d 442 (S.D.1979), has recognized that revocation proceedings are not criminal prosecutions. Instead, they are civil proceedings. The standard of proof in such cases is that the trial court must be "reasonably satisfied" that the conduct of the probationer has not been as good as required by the conditions imposed. Proof sufficient to support a criminal con-

viction is not required. "'[A]n order of revocation, however, must be based on a factual showing sufficient to justify the exercise of the court's discretion. Otherwise, no particular source, manner, or degree of proof is required.'" *Burkman*, supra, at 443, quoting *State v. Elder*, 77 S.D. 540, 95 N.W.2d 592 (1959). We hold that this standard was satisfied.

■ Appellant claims that the State, in its motion to revoke for a specific violation of SDCL 22–21–1(1), assumed the burden of proving not only that the statute was violated, but also that the statute met all legal and constitutional standards.

This is not a criminal prosecution, and the allegations in the motion are for the purpose of showing activities that violate the terms and conditions of appellant's probation. Evidence was produced to "reasonably satisfy" the court that appellant violated SDCL 22–21–1(1) and that these activities were sufficient to justify revocation. The court so found, and that is all that is required in a revocation hearing.

Appellant raises several other issues on appeal, all of which are directed at the underlying charges of violating SDCL 22–21–1(1), rather than the revocation proceeding. We do not find these issues to be salient to this appeal from the revocation order, and therefore hold that they are without merit.

The order of the trial court is affirmed.

All the Justices concur.