**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Kenneth Charles BELL, Defendant and Appellant.**

**No. 14725.**

Supreme Court of South Dakota.

Considered on Briefs April 9, 1985.

Decided June 12, 1985.

---

* McKellips was answering questions propounded by Bublitz' counsel.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Rita Duenwald Haverly of Minnehaha County Public Defender's Office, Sioux Falls, for defendant and appellant.

\* The record is devoid of time served by appellant

HENDERSON, Justice.

### ACTION

This is a criminal appeal arising from the revocation of a suspended execution of sentence. We affirm the judgment revoking the suspended sentence but reverse and remand for an evidentiary hearing on that aspect of the appeal pertaining to credit for jail time.

### FACTS

On December 22, 1983, Kenneth Charles Bell, defendant-appellant, pleaded guilty to a violation of SDCL 22–34–1, Intentional Damage to Property in the First Degree. He was sentenced to five years in the State Penitentiary with the execution of the sentence being suspended and appellant being placed on probation for three years under the following conditions: 1) That appellant be on good behavior and have no alcohol-related offenses for three years; 2) that appellant sign and abide by the standard probation agreement for three years; 3) that appellant make restitution of $500 damages and repay attorney fees; and 4) that appellant serve six months in jail with credit for time served and credit for time spent in inpatient alcohol treatment facilities at Yankton, South Dakota.\*

On August 20, 1984, appellant checked himself into McKennan Hospital in Sioux Falls for alcohol treatment. On August 23, 1984, he was released from the hospital and received some valium from the hospital staff. Upon his release, appellant took the valium and also purchased a bottle of 190-proof vodka from which he drank throughout the day. Later that afternoon, appellant argued with his girlfriend in a restaurant parking lot, left her car, and began to walk home.

On his way home and at 5:30 p.m., appellant entered the side door of a home at 910 West 12th Street. The occupant, Marie Fullenkamp, met appellant near the door and after several inquiries, told appellant to leave. Appellant left immediately and

in the Minnehaha County Jail.

without incident. Appellant previously lived in an apartment with a side entrance at 925 West 12th Street for one and one-half years.

That evening, appellant was arrested by Sioux Falls police and charged with assaulting his girlfriend and later charged with entering or remaining without privilege in violation of SDCL 22–35–5 (unlawful occupancy). After a preliminary hearing, the assault charge was not bound over to circuit court.

Based on the above incident, appellant's Court Services Officer filed a Violation Report and on August 30, 1984, the State, plaintiff-appellee herein, filed a motion to revoke the suspended sentence. On September 6, 1984, a revocation hearing was conducted and the above facts were adduced. Appellant Bell also testified that during the incident in question, he was in an alcoholic blackout and knew nothing about it except for what he was told.

After the hearing and by an order dated September 7, 1984, and an amended order dated September 12, 1984, the trial court revoked appellant's suspended sentence and imposed the complete five-year sentence with credit for 14 days jail time spent prior to the revocation hearing. The trial court specifically found that appellant violated the terms of the order and probation agreement in that 1) appellant violated a South Dakota statute and 2) appellant violated his good behavior condition, both of which violations were not justified. It is from these orders revoking the suspended sentence and remanding him to the State Penitentiary that appellant appeals.

## DECISION

### I.

WAS THERE SUFFICIENT EVIDENCE FOR THE TRIAL COURT TO REVOKE APPELLANT'S SUSPENDED SENTENCE? WE HOLD THAT THERE WAS.

Appellant contends that the trial court's revocation of his suspended sentence was in error for two reasons. First, appellant asserts that because he was in an alcoholic blackout and, in the trial court's own words, was "wandering around in a fog" not knowing where he was, he did not have the specific intent required to violate SDCL 22–35–5. Therefore, he urges the trial court erred in determining that he violated the above statute and the revocation of his suspended sentence is unlawful. Second, and in this same vein, appellant asserts that because he did not commit a criminal act, he did not violate the good behavior conditions of his suspended sentence.

▆▆▆ Under South Dakota Constitution Article V, § 5, and SDCL 23A–27–18, a trial court is empowered, in certain cases under certain conditions, to suspend the execution of sentence. A suspended sentence is an act of grace and the decision to so suspend is within the trial court's discretion. State *ex rel. Caldwell v. Skinner*, 59 S.D. 68, 75, 238 N.W. 149, 152 (1931). The revocation of a suspended sentence, however, is not a decision to be made at the court's pleasure. *Application of Jerrel*, 77 S.D. 487, 492, 93 N.W.2d 614, 617 (1958).

> Before revoking the suspension of the execution of a sentence by the court there must be some showing that the convicted person's behavior is not good or that he has violated the conditions or restitutions imposed upon him. Such factual showing must be sufficient to justify the exercise of discretion by the court in revoking the suspension.

*Id.*, 77 S.D. at 492–93, 93 N.W.2d at 617. "[P]roof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A judge in such proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *Manning v. United States*, [161 F.2d 827, 829 (5th Cir.1947) ]. *State v. Elder*, 77 S.D. 540, 544, 95 N.W.2d 592, 594 (1959). A revocation proceeding is not a criminal prosecution and the standard

of proof is the "reasonably satisfied" standard. *State v. Burkman*, 281 N.W.2d 442, 443 (S.D.1979). The State does not assume the burden of proving a specific violation of the statute or statutes alleged to have been transgressed. *State v. Olson*, 305 N.W.2d 852, 853 (S.D.1981). Only evidence need be "produced to 'reasonably satisfy' the court that appellant violated [the statute in question] and that these activities were sufficient to justify revocation." *Id.* at 853.

■ In the present case, even assuming arguendo that SDCL 22–35–5 is a specific intent crime and thus the State is required in a criminal prosecution to prove beyond a reasonable doubt that the act was committed with the designated mens rea, such a showing is not required in a revocation proceeding. As stated in the cases cited above, revocation proceedings are not criminal prosecutions and do not require proof sufficient to support a criminal conviction. *Burkman*, 281 N.W.2d 442; *Olson*, 305 N.W.2d 852. The trial court need only be "reasonably satisfied" that a violation of the conditions of the suspended sentence has occurred.

■ At the revocation hearing in the case at bar, testimony was elicited so as to "reasonably satisfy" the trial court that appellant Bell violated SDCL 22–35–5. Wandering about, in a self-induced alcoholic stupor, and then into another's home without consent or askance, was conduct clearly forbidden by the conditions of sentence imposed upon him. This presented sufficient justification for the revocation and upon a review of the record, we cannot hold the trial court's actions to be in error.

## II.

WAS APPELLANT ENTITLED TO CREDIT FOR JAIL TIME SERVED AS A CONDITION OF A SUSPENDED EXECUTION OF SENTENCE WHEN THE SUSPENDED SENTENCE WAS SUBSEQUENTLY REVOKED? WE HOLD THAT HE WAS, BUT THE RECORD IS UNCLEAR AS TO TIME ACTUALLY SERVED.

■ As a condition of appellant Bell's suspended execution of sentence, he was required to serve six months in the county jail. Credit was given for the days spent in jail prior to his guilty plea and for time spent in an inpatient alcohol treatment program. If the treatment program was successfully completed, the jail sentence was deemed completed.

After appellant's suspended sentence was revoked in September 1984, however, his penitentiary sentence was not credited with the time he spent in the county jail as a condition of suspended execution of sentence. Appellant complains that this violates the mandates of SDCL 23A–27–18.1. We agree.

SDCL 23A–27–18.1 provides:

The conditions of probation imposed pursuant to § 23A–27–12 or § 23A–27–13 or the conditions of suspension of execution imposed pursuant to § 23A–27–18, may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding one hundred eighty days or in the state penitentiary for a specific period not exceeding sixty days or the sentence which was imposed or which may be imposed by law, whichever is less. The imprisonment may be further restricted to certain days specified by the court as part of such conditions. *Any such imprisonment, either in the county jail or state penitentiary, shall be credited toward any incarceration imposed upon any subsequent revocation of a suspended imposition or execution of sentence.* During any such imprisonment the defendant shall be subject to all policies, rules and regulations of the county jail or state penitentiary. (Emphasis supplied.)

■ The statutory requirements are clear. If a defendant is imprisoned as a condition of a suspended sentence, and that suspended sentence is subsequently revoked, the defendant must be given credit for the jail or prison time initially served as a condition of suspended sentence. We distinguish time spent in an inpatient alco-

hol treatment program as it does not constitute imprisonment within the meaning of the statute and credit need not be given therefor. Since the record before us is unclear as to the exact amount of appellant's jail time served, we remand to the trial court for a determination in this regard and proper credit therefor.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.