STATE of South Dakota, Plaintiff
and Appellee,

v.

David HERRLEIN, Defendant
and Appellant.

No. 15861.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1988.

Decided June 1, 1988.

Wade A. Hubbard, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

James W. Olson, Armour, for defendant and appellant.

MILLER, Justice.

This is an appeal from a revocation of probation grounded on a conviction for a subsequent criminal offense. We affirm, holding that by virtue of a prima facie showing by State, defendant had the burden of establishing the claimed invalidity of the subsequent conviction.

### FACTS

In November, 1986, defendant, represented by counsel, entered a guilty plea to third-degree burglary in Charles Mix County, South Dakota. He was represented by counsel at that time. The trial court (Judge Hertz) ordered a suspension of imposition of sentence and placed defendant on probation under various terms and conditions, including that he obey all laws and that he refrain from the use of alcohol.

Subsequently, and while on probation, he apparently was charged by information in Brule County, South Dakota (another judicial circuit) with two counts of contributing to the delinquency of minors (SDCL 26-9-1) and one count of having an open container of alcohol in a motor vehicle (SDCL 35-1-9.1). (The information, a copy of which is appended to State's brief, alleged: Count I, that he furnished beer to three minor girls; Count II, that he transported the juvenile girls (two of which had been reported to the police as runaways) to another community; and Count III, that he

had an open container of an alcoholic beverage in a motor vehicle. The Brule County State's Attorney later dismissed Counts II and III of the information.)

Defendant appeared before a circuit judge in Brule County and pleaded guilty to Count I of the information. At those proceedings he was not represented by counsel.

Upon becoming aware of this conviction, defendant's probation officer (Mr. McCabe) submitted a "Probation Violation Report" to Judge Hertz advising of the conviction.[1] The report further advised that on the night of the violation defendant had been drinking alcohol, as indicated by a portable breath test administered by the arresting officer.

The Charles Mix County State's Attorney filed a petition for revocation of probation attaching the probation violation report and a copy of the Brule County judgment of conviction as the grounds for revocation. A hearing was held on that petition before Judge Hertz, at which time defendant was represented by counsel. At this hearing, the only substantive evidence submitted was a certified copy of the Brule County conviction. The probation officer was called as a witness, but since he had no personal knowledge of the facts surrounding the incident in Brule County, he gave no substantive testimony.[2] The only resistance to the probation revocation presented by defendant was his argument that the Brule County conviction resulted from a proceeding where defendant was not represented by counsel and the record did not affirmatively establish that his right to counsel had been waived. He argued that the language in the judgment of conviction to the effect that the court had "advised the defendant of all constitutional and statutory rights pertaining to the charge that had been filed" was insufficient to establish a knowing waiver of his right to counsel.

Judge Hertz, in both his oral ruling and his written findings of fact and conclusions of law revoking probation, relied exclusively upon the Brule County conviction.[3] Defendant was sentenced to two years in prison.

## ISSUE

MAY PROBATION BE REVOKED ON THE GROUNDS OF A SUBSEQUENT CONVICTION ABSENT A SPECIFIC AFFIRMATIVE SHOWING OF WAIVER OF COUNSEL?

## DECISION

We must start with the basic premise that a probation revocation proceeding is not a criminal prosecution. *State v. Burkman*, 281 N.W.2d 442 (S.D. 1979). Further, the standard of proof at a probation revocation hearing is the "reasonably satisfied" standard. *State v. Martin*, 368 N.W.2d 37 (S.D.1985); *State v. Olson*, 305 N.W.2d 852 (S.D.1981); *Burkman, supra*.

In *Burkman*, we reaffirmed our prior holdings that, in order to be sustained, an order of revocation of probation must be supported by a factual showing to justify that exercise of the court's discretion. *State v. Elder*, 77 S.D. 540, 95 N.W.2d 592 (1959); *Application of Jerrel*, 77 S.D. 487, 93 N.W.2d 614 (1958). Quoting from *Elder*, we said:

'[P]roof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A judge in such proceeding need not have evidence that would establish

1. The report erroneously indicated that the conviction was before a law-trained magistrate rather than a circuit judge and that defendant had pleaded guilty to two counts rather than the one.

2. In fact, upon ruling on a hearsay objection, Judge Hertz said: "I don't think any further testimony is necessary on the part of Mr. McCabe in any event. We have a certified copy of the conviction and that is obviously perhaps

the most serious violation of the order suspending imposition of sentence. I really can't think of anything more serious."

3. Further, the Official Statement signed by Judge Hertz, which was submitted to the warden of the penitentiary, advised that the Brule County conviction "was the basis for the revocation of his probation."

beyond a reasonable doubt guilt of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.'

*Burkman,* 281 N.W.2d at 443 (citations omitted).

 In this case, Judge Hertz had before him a certified copy of a judgment of conviction entered by another circuit judge reciting that he had advised defendant "of all constitutional and statutory rights pertaining to the charge." In our view, that language was sufficient for Judge Hertz to have been "reasonably satisfied" that the Brule County conviction was valid. This was a prima facie showing so that the burden then shifted to defendant to establish that the Brule County conviction was invalid. Defendant had the obligation to go beyond making the technical, academic argument that the right to counsel had not been waived. Defendant and his counsel had as much right as the State to request a transcript of the Brule County proceedings to attempt to establish that counsel had not been waived. His failure to do so waives any claimed defect here. To hold otherwise would require the State in probation revocation proceedings to prove the negative—that is that there is no defect, obvious or hidden, in the subsequent conviction proceedings.

 In making this ruling, we must give two caveats. First, and foremost, this holding is limited to probation revocation proceedings and does not in any manner limit or undermine our other prior holdings as they apply to criminal appeals, habitual criminal arraignments, or habeas corpus actions (i.e., *see State v. Aspen,* 412 N.W.2d 881 (S.D.1987) (Miller, J., dissenting); *State v. Van Sickle,* 411 N.W.2d 665 (S.D.1987); *Alexander v. Solem,* 383 N.W.2d 486 (S.D.1986)). Secondly, we limit this holding to the utilization of subsequent convictions before circuit courts or law-trained magistrates where a verbatim record is available. Otherwise, the fact of waiver of counsel must be affirmatively

recited in the judgment of conviction or otherwise be established to the satisfaction of the court at the probation revocation hearing.

Affirmed.

WUEST, C.J., and MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

Although I concur in affirming the lower court, there is language in the majority opinion which is troubling because of past precedent existing in this Court.

In the second sentence of the first full paragraph on page 378 of the majority opinion, it states: "In our view, that language was sufficient for Judge Hertz to have been 'reasonably satisfied' that the Brule County conviction was valid." Such a declaration is setting up the wrong standard and a possible modification of the *Burkman* rule, which relates back to *Elder* in 1959. So we have some 30 years of settled law and I do not wish to inferentially unsettle the law. The author begins to deeply involve this Court in a recitation on the impact of convictions and what the State and the defendant must accomplish insofar as proof is concerned. I truly believe this is not vital.

Implicit in Judge Hertz' determination of a violation by appellant of his probation, was simply that he, Judge Hertz, was reasonably satisfied (that's the key!) that appellant's conduct was not as good as required by the terms of the probation. This is the message of *Burkman.* Since then, as Justice Miller writes, we have had the *Martin* case in 1985 and the *Olson* case in 1981. Therefore, a conviction is totally immaterial. When you begin to consider convictions, that is, the general subject of convictions, this begets all manner of considerations, principally constitutional and statutory requirements which must be obeyed and fulfilled or honored. We should avoid these considerations in this decision because all the circuit court judge must do to revoke probation is to be reasonably satis-

fied that the evidence and facts be such that the conduct of the petitioner has not been as good as required by the conditions of the probation.

Findings of fact and conclusions of law entered by the circuit court judge reflect that appellant was to obey conditions of a probation agreement dated November 20, 1986, and that he violated these conditions. This is given under the hand of the circuit judge on June 16, 1987; on the same date, an order was entered by the said circuit judge revoking the suspended imposition of sentence. I further note that Judge Hertz reflected in a conclusion of law that appellant, having violated the conditions of the probation agreement, was unsuitable for probation. Exhibit "A", *inter alia*, was a Probation Violation Report depicting appellant as drinking intoxicants, and was in the company of three minor females, aged 17, 15, and 12. Charges, per the report, were filed and appellant entered a plea of guilty to contributing to the delinquency of minors. At the hearing on revocation, the State's Attorney represented to the circuit judge, which stands unrefuted, that appellant was convicted in Charles Mix County for furnishing alcoholic beverages to a minor in 1985.

On November 21, 1986, Judge Hertz entered an Order Suspending Imposition of Sentence, reflecting in number 6 of the conditions, that defendant was to "refrain from the use of alcoholic beverages or nonprescription drugs during the period of probation[.]" The May 19, 1987 Probation Violation Report reveals a blood alcohol content of less than .10 of appellant Herrlein when administered a portable breath test, after his vehicle was stopped, but the test definitely reflected that he had been drinking alcohol and in the company of three girls who had not returned home after school hours. All of this was before the circuit judge. Therefore, it is my opinion that Judge Hertz did not use the conviction, per se, to revoke the suspended imposition of sentence.