**STATE of South Dakota, Plaintiff and Appellee,**

v.

**William REIF, Defendant and Appellant.**

**No. 17440.**

Supreme Court of South Dakota.

Argued Jan. 13, 1992.

Decided Sept. 2, 1992.

Mark Barnett, Atty. Gen., David D. Wiest, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Reed C. Richards of Richards and Richards, Deadwood, for defendant and appellant.

TAPKEN, Circuit Judge.

William Reif (Reif) appeals the order revoking probation and judgment of conviction. We affirm.

Reif was a general contractor living in Deadwood, South Dakota. He had a prime contractor's excise tax license as provided for under the provisions of SDCL ch. 10–46A until 1984 when his business did not warrant keeping the license valid. It appears Reif and his son obtained another contractor's license in 1987.

In 1986 Reif did at least two separate contracting jobs, one for Homestake Mining Company and one for an individual named Doug Hill. Reif admitted doing the work on both jobs and receiving pay at a time he did not have a valid contractor's excise tax license.

Reif was charged in a two count indictment with Count I, failure to pay excise tax and Count II, failure to file excise tax under SDCL ch. 10–46A. The statute setting forth the penalties for a violation of SDCL ch. 10–46A is SDCL 10–46A–13.1.

The indictment set forth the following allegations:

COUNT I: FAILURE TO PAY EXCISE TAX (Class I Misdemeanor) That between January 1, 1986, and December 31, 1986, within Lawrence County, South Dakota, William Reif d/b/a Reif Construction, while acting as a prime contractor engaged in realty improvement did fail to pay the tax due under the provisions of SDCL 10–46A, within thirty (30) days from the date the tax became due, contrary to SDCL 10–46A–13.1(2) and SDCL 10–46A–1.

COUNT II: FAILURE TO FILE EXCISE TAX (FELONY) That between January 1, 1986, and December 31, 1986, within Lawrence County, South Dakota, William Reif d/b/a Reif Construction, while acting as a prime contractor engaged in realty improvement did two or more times in a 12 month period fail to file a return required by SDCL 46A–13.1(4) and SDCL 10–46A–1 and SDCL 10–46A–8.

Reif ultimately pled nolo contendere to Count II of the indictment and Count I was dismissed pursuant to a plea bargain. The trial court specifically found Reif was doing business as a prime contractor and the two jobs involved realty improvement. The court determined Reif was guilty of Count II and gave Reif a suspended imposition of sentence. Reif was placed on probation for two years with the following conditions:

(1) That the defendant shall be placed under the supervision of the chief court service officer of this judicial circuit, or his representative thereof, for a period of two (2) years.

(2) That the defendant obey all of the conditions placed upon him by the court service officer (said conditions to be attached and incorporated by reference with this order and to be signed by the defendant).

(3) That the defendant pay a fine of $250.00 and costs of $15.00 within thirty (30) days.

(4) That the defendant pay taxes, penalty and interest as determined by the Department of Revenue.

One of the conditions of probation between the court services officer and Reif was:

> (1) You shall obey all federal and state laws and municipal ordinances. If questioned or arrested regarding alleged unlawful behavior, you shall immediately advise your court services officer.

On October 17, 1990, a petition to revoke Reif's probation was filed alleging Reif had violated the condition of probation requiring him to obey the state's laws by working as a paid contractor without having a valid contractor's excise license. The trial court found Reif had violated the terms of probation by working as a prime contractor in Lawrence County without first obtaining a contractor's license in violation of SDCL 10–46A–13.1(8).

The court sentenced Reif to two years in the state penitentiary. The sentence was suspended upon certain conditions, including:

> 1) Two years probation;
> 2) Sixty (60) days in the county jail;
> 3) $1,000 fine with credit for $250 fine previously paid.

### ISSUES

Reif contends:

I. That SDCL ch. 10–46A is unconstitutional.

II. The trial court erred in revoking Reif's suspended imposition of sentence.

III. The trial court exceeded its jurisdiction in revoking Reif's probation.

### ISSUE ONE

■ At his revocation hearing Reif was found to have violated certain provisions of SDCL ch. 10–46A. Reif alleges the provisions of that chapter are unconstitutional because they deny him equal protection, violate his due process rights and fail to require criminal intent as an element.

The constitutional challenge of a statute a probationer violated in a revocation proceeding was addressed and disposed of in *State v. Olson*, 305 N.W.2d 852 (S.D.1981).

In *Olson*, appellant claimed the state, by bringing a revocation proceeding claiming the probationer violated a specific statute, assumed the burden of proving the statute was violated and the statute met all legal and constitutional standards. We rejected that argument:

> This is not a criminal prosecution, and the allegations in the motion are for the purpose of showing activities that violate the terms and conditions of appellant's probation. Evidence was produced to "reasonably satisfy" the court that appellant violated SDCL 22–21–1(1) and that these activities were sufficient to justify revocation. The court so found, and that is all that is required in a revocation hearing.
>
> Appellant raises several other issues on appeal, all of which are directed at the underlying charges of violating SDCL 22–21–1(1), rather than the revocation proceeding. We do not find these issues to be salient to this appeal from the revocation order, and therefore hold that they are without merit.

*Olson*, 305 N.W.2d at 853 (S.D.1981).

In a revocation proceeding, a constitutional attack on the underlying charge is without merit because the proceeding relates to whether or not the terms of probation have been violated. Accordingly, Reif's constitutional challenges to SDCL 10–46A–1 et seq. are without merit in his revocation hearing.

### ISSUE TWO

Reif argues the trial court erred in revoking his suspended imposition of sentence since (1) the evidence does not support a finding that Reif was a contractor; and, (2) the evidence does not support a finding that Reif violated the provisions of SDCL 10–46A–13.1(8).

■ The court must be "reasonably satisfied" that the convicted person's behavior is as good as required by the conditions of probation or that he has violated the conditions or restrictions imposed upon him. *State v. Burkman*, 281 N.W.2d 442 (S.D.1979); *Application of Jerrel*, 77 S.D. 487, 93 N.W.2d 614 (1958). It is important

to note that a probation revocation proceeding is not a criminal prosecution. *State v. Herrlein,* 424 N.W.2d 376 (S.D.1988); *State v. Bell,* 369 N.W.2d 140 (S.D.1985); *Olson, supra.* As stated in *Herrlein,* "[a] judge in such proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." 424 N.W.2d at 377–378, quoting *Burkman, supra.*

■ The judge found that Reif violated the terms and conditions of his probation by working as a contractor in Lawrence County without first obtaining a contractor's license in violation of SDCL 10–46A–13.1(8). Reif concedes he did not possess the contractor's excise tax license required by SDCL 10–46A–1 at the time of the alleged violation.

The next issue is whether Reif was a contractor, as found by the trial court, or an employee, as Reif urges. An independent contractor is one who "has been and will be free from control or direction over the performance of the service, both under his contract and in fact; and, [t]he individual is customarily engaged in an independently established trade, occupation, profession or business." SDCL 61–1–11(1), (3).

Reif entered into an agreement with the Deadwood Hill Development company where he and Charlie Crabtree were to perform earth moving for Deadwood Hill Development. Under the agreement Reif and Crabtree (referred to as the Team) had with Deadwood Hill Development:

1) Team was to furnish workman's compensation insurance;
2) Team was to provide all liability insurance;
3) Team was to provide all equipment, operators and services to move the earth;
4) Team was to provide the drilling and blasting operations;
5) Team received an advance of $31,500 for equipment rental;
6) Team was to receive weekly draws depending on the percentage of work done and completed;
7) Hourly rates for various workers were provided in the agreement, not to pay Reif or Crabtree who received a lump sum, but only for the proration purposes;
8) Deadwood Hill Development had the right to assume the contract and equipment if the Team was unable to perform under the agreement;
9) Deadwood Hill Development agreed to indemnify the Team for any acts, omissions or negligence of Deadwood Hill development's agents or employees.

From these provisions it is apparent that Reif was acting as an independent contractor rather than as an employee.

The record reveals that Reif had previously operated as an independent prime contractor. In March 1990 Reif voluntarily relinquished the contractor's excise tax license he acquired subsequent to 1986. In May 1990, Reif's application for another license was denied by the State of South Dakota for failure to provide a $5,000 bond which the Department of Revenue required due to Reif's past problems in making required reports.

The testimony at the revocation hearing indicates that Reif was at the job site. Deadwood Hill Development paid him $7,303.85 as partial payment for labor, parts, fuel, oil and operating expenses since Reif was obligated to furnish and pay for them. Deadwood Hill Development considered Reif an independent contractor, not an employee. Accordingly, there is ample evidence in the record which justified the judge's determination that Reif was an independent prime contractor doing realty improvements which required him to possess a contractor's excise tax license as provided for in SDCL ch. 10–46A.

Reif alleges that his probation could not be revoked since the state failed to prove a violation of SDCL 10–46A–13.1(8):

Any person who:

\* \* \* \* \* \*

(8) Engages in business under this chapter without obtaining a contractor's excise tax license after having been notified in writing by the secretary of revenue that the person is a contractor subject to the provisions of the contractor's excise tax laws is guilty of a Class 6 felony. It is not a violation of this subdivision if the person engaging in business files an application for a contractor's excise tax license and meets all lawful prerequisites for obtaining such license within three days from receipt of written notice from the secretary.

For purposes of this section "person" includes corporate officers having control, supervision of or charged with the responsibility for making tax returns or payments pursuant to § 10–46A–13.

Reif contends he did not receive the three day written notice; therefore, he contends that until it is received, the court could not revoke his probation for failure to obey the state laws.

The record does not indicate whether or not the notice was given. This contention is without merit, however, since the prosecution is not required to prove guilt beyond a reasonable doubt. *State v. Herrlein, supra.* In the present case, there is sufficient evidence that Reif violated SDCL 10–46A–13.1(5) (engaging in business without obtaining a contractor's tax license.) The trial court was reasonably satisfied that Reif's conduct was not as good as required by the terms of probation, i.e., that Reif obey all state laws for a period of two years. It is apparent that Reif was acting as a prime contractor, he was doing realty improvement, and he did not have the valid contractor's excise license required by SDCL ch. 10–46A even though he may not have violated the specific statute found by the trial court.

### ISSUE THREE

■ Reif further argues that the trial court was without jurisdiction to revoke the suspended imposition of sentence since he pled nolo contendere to a Class I misdemeanor but was sentenced to a Class 6 felony. A review of the record is necessary in order to address this issue.

Reif was indicted by a Lawrence County grand jury on two counts. Count I of the indictment alleged failure to pay excise tax (Class I misdemeanor) while Count II alleged failure to file excise tax (felony). Count I of the indictment was dismissed pursuant to the plea bargain and Reif pled nolo contendere to Count II. The language in Count II alleged a violation of SDCL 10–46A–13.1(7), which is classified as a Class 6 felony, rather than SDCL 10–46A–13.1(4) which is referenced in the body of Count II of the indictment. SDCL 10–46A–13.1(4) is a Class I misdemeanor and makes it unlawful to fail to file a return within thirty days from the date the return is due. There is an error in the citation in the indictment which should have made reference to SDCL 10–46A–13.1(7) rather than 10–46A–13.1(4). If there is an error in the citation of the indictment, that error is not a ground for reversal of a conviction provided the error did not mislead the defendant to his prejudice. SDCL 23A–6–4; *State v. Loop*, 422 N.W.2d 420 (S.D.1988).

At the time Reif changed his plea from not guilty to nolo contendere on Count II of the indictment, the trial court explained what the prosecution would have to prove, i.e., that Reif failed, within thirty days from the due date, to file a return two or more times in a twelve month period while Reif was acting as a prime contractor engaged in realty improvement. Reif indicated that he understood what the State of South Dakota would have to prove. The court further explained the maximum penalties of a Class 6 felony and made specific reference to SDCL 10–46A–13.1.(7). Reif said he understood. It is abundantly clear Reif was not misled or prejudiced by the citation error in Count II of the indictment. Reif recited a factual basis to support his conviction under SDCL 10–46A–13.1(7).

The trial court then entered the order suspending the imposition of sentence. An error was made in the written order. References were made to a plea of nolo contendere to SDCL 10–46A–13.1(4), SDCL 10–46A–1, and SDCL 10–46A–7 rather than

SDCL 10–46A–13.1(7). The written order also indicates that Reif pled nolo contendere to failure to *pay* excise tax rather than failure to *file* excise tax.

■ It is the settled law in South Dakota that the oral sentence is the only sentence and the written sentence must conform to it. *State v. Cady,* 422 N.W.2d 828 (S.D. 1988). There is no ambiguity in the record that Reif was convicted of violating SDCL 10–46A–13.1(7) and was given a suspended imposition of sentence of that Class 6 felony. There is no ambiguity in the record that both Reif and his attorney understood the statute under which he was convicted and sentenced. Irrespective of the written order suspending the sentence which refers to SDCL 10–46A–13.1(4), 10–46A–1, and 10–46A–13.1(8), the trial judge, state's attorney, Reif and his counsel were all aware Reif had been convicted of and was sentenced to a violation of a Class 6 felony, SDCL 10–46A–13.1(7).

The trial court's order of revocation of Reif's probation and judgment of conviction is affirmed in all respects.

WUEST and SABERS, Justices, concur.

MILLER, C.J., and HENDERSON, J., concur in part and concur in result in part.

TAPKEN, Circuit Judge, for AMUNDSON, J., disqualified.

MILLER, Chief Justice (concurring in part, concurring in result in part).

Although I generally concur in the majority writing, I only concur in the result of Issue One. It appears to me that the majority author's treatment of said issue is too broad and misleading. The majority author says:

> In a revocation proceeding, a constitutional attack on the underlying charge is without merit because the proceeding relates to whether or not the terms of probation have been violated.

That statement is not totally accurate or legally sound. Given a literal reading, one might presume that under the majority writing (based upon its careless reliance upon selected language in *State v. Olson,* 305 N.W.2d 852 (S.D.1981)), the constitutionality of a penal statute is *totally immaterial* in a probation revocation proceeding. That simply is not so!

It must be remembered that in *Olson,* the probationer (who had originally been convicted of first-degree burglary) while on probation was charged with misdemeanor trespass and unlawful entry. The charges principally flowed from conduct amounting to being a "peeping tom" in a fitness center at a local YWCA. In *State v. Burkman,* 281 N.W.2d 442, 443 (S.D.1979), this court reiterated the appropriate standard of proof in probation revocation proceedings: the trial court must be "reasonably satisfi[ed] ... that the conduct of the probationer has not been as good as required by the conditions [imposed]." The *Olson* court determined that such standard had been met, but *never* stated that the constitutionality of a statute which forms the basis of the probation revocation petition is *immaterial!* Certainly, sneaking into a YWCA to clandestinely glare at nude women is inappropriate conduct, irrespective of the constitutionality of the specific statute which prohibits such activities.

Similarly, in this case, Reif had been placed on probation for the felony offense of engaging in a contracting business and failing to file an excise tax return. While on probation, he engaged in generally the same conduct for which he was previously convicted; *i.e.,* he engaged in the contracting business without first obtaining an excise tax license. At his probation revocation hearing he objected to the absence of certain notice requirements in the excise tax statutes. His objections fail on their merits.

"All presumptions are in favor of the constitutionality of a statute and this continues until the contrary is shown beyond a reasonable doubt." *Crowley v. State,* 268 N.W.2d 616, 618 (S.D.1978). In my view, Reif's constitutional arguments and authority lack persuasion and merit. *State v. Iron Thunder,* 272 N.W.2d 299, 303 (S.D. 1978). Under the facts of this case, the trial court certainly was "reasonably satis-

fied" that Reif's activities warranted revocation. *Olson, supra,* at 853.

It must be emphasized, however, that despite the majority's above-quoted language to the contrary, *violation of an unconstitutional statute cannot be the sole basis for revoking probation. Cf. Wickham v. Dowd,* 914 F.2d 1111 (8th Cir. 1990); *United States v. Schoenrock,* 868 F.2d 289 (8th Cir.1989). A holding to the contrary would give a new meaning to the word "reasonable" in the standard we apply in these cases.

I am authorized to state that Justice HENDERSON joins in this concurrence in part and concurrence in result in part.