#27242, #27243, #27244-rev & rem-GAS

**2015 S.D. 89**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                     Plaintiff and Appellee,

v.

TRAVIS J. ORR,                     Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE THOMAS L. TRIMBLE
Retired Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

CRAIG M. EICHSTADT
Assistant Attorney General
Pierre, South Dakota                     Attorneys for plaintiff
                                         and appellee.


JAMY PATTERSON of
Pennington County Public
  Defender's Office
Rapid City, South Dakota                     Attorneys for defendant
                                         and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 31, 2015

OPINION FILED **11/10/15**

SEVERSON, Justice

[¶1.]     Travis Orr appeals three criminal sentences.  He was given concurrent penitentiary and probationary sentences that place him under simultaneous supervision of both the judicial and executive branches.  We reverse and remand.

**Background**

[¶2.]     In October of 2014, Travis Orr was sentenced on three separate offenses.  In 2013, Orr was convicted of driving or being in actual physical control of a vehicle while under the influence of alcohol, and he was placed on probation.  In October 2014, after a hearing at which Orr admitted to violating the terms of his probation by ingesting methamphetamine, the circuit court revoked probation and imposed a two-year penitentiary sentence.  (Sentence 1 (#27242)).  That same month, Orr received two additional sentences, each for unauthorized ingestion of a controlled drug or substance (methamphetamine) in violation of SDCL 22-42-5.1—a class 5 felony.  On one of the convictions for unauthorized ingestion, the court sentenced Orr to five years in the penitentiary and suspended the five years, placing Orr on probation subject to conditions, including 180 days in county jail with work release.  (Sentence 2 (#27243)).  On the final sentence, the court sentenced Orr to four years in the penitentiary.  (Sentence 3 (#27244)).  The court ordered Sentence 3 to run consecutively to Sentence 1.  It further ordered Sentence 2, the probationary term, to run concurrently with Sentences 1 and 3.  Orr appeals, asserting that the court exceeded its authority by imposing sentences that subject him to simultaneous supervision by the executive and legislative branches.  The State argues that Orr's position is based on outdated cases.  Further, the State

contends that SDCL 22-6-11 required the court to sentence Orr to probation on Sentence 2 and that the court lacked authority to impose any other sentence.

**Standard of Review**

[¶3.]     "We generally review a sentence within the statutory maximum under the abuse of discretion standard of review." *State v. Whitfield*, 2015 S.D. 17, ¶ 11, 862 N.W.2d 133, 137 (quoting *State v. Overbey*, 2010 S.D. 78, ¶ 13, 790 N.W.2d 35, 40). However, whether the court had authority under South Dakota's constitution and statutes to impose simultaneous penitentiary and probationary sentences presents a question of law reviewed de novo. *Id.*

**Analysis**

[¶4.]     We have recently reiterated that a defendant should not be subjected to simultaneous supervision of the executive branch and judicial branch. *State v. Anderson*, 2015 S.D. 60, ¶ 16, 867 N.W.2d 718, 724. Despite the State's contentions that such an approach is based on outdated criminal statutes, South Dakota's Constitution and its statutes, which delineate whether the Department of Corrections or the Judiciary is responsible for a convicted defendant, compel us to reach the same decision today that we have in the past. *See State v. Moon*, 514 N.W.2d 705 (S.D. 1994); *State v. McConnell*, 495 N.W.2d 658 (S.D. 1993); *State v. Wooley*, 461 N.W.2d 117 (S.D. 1990); *State v. Huftile*, 367 N.W.2d 193 (S.D. 1985) (construing previous version of SDCL chapter 24-15).

[¶5.]     Probationers are subject to the supervision of our judicial branch. South Dakota's courts are empowered by the constitution to suspend imposition or execution of a sentence, "unless otherwise provided by law." S.D. Const. art. V, § 5.

"[T]he trial court's function in suspending sentence and granting terms of probation are exclusively the province of the judicial branch." *Huftile,* 367 N.W.2d at 197; *see also* SDCL 23A-27-12 ("After conviction of an offense not punishable by death or life imprisonment, a defendant may be placed on probation. No person who has been previously convicted for a crime of violence as defined in subdivision § 22-1-2(9) may be placed on probation if his second or subsequent felony conviction is for a crime of violence as defined in subdivision § 22-1-2(9)."). Those placed on probation are "assign[ed] . . . to a court services officer for probation supervision." SDCL 23A-27-12.1.

[¶6.]		In contrast to those placed on probation, inmates of the state penitentiary are under the control of the executive branch. Article XIV of our constitution establishes the penitentiary and places it "under such rules and restrictions as the Legislature shall provide." S.D. Const. art. XIV, §§ 1-2. SDCL chapter 1-15 creates the Department of Corrections, "under the direction and control of the secretary of corrections, [which] shall govern . . . the state penitentiary, and other state correctional facilities, parole services, [and] the Board of Pardons and Paroles[.]" SDCL 1-15-1.4. The governor appoints the secretary of corrections. SDCL 1-15-1.3; S.D. Const. art. IV, § 9 ("Each principal department shall be under the supervision of the Governor . . . ."). Therefore, even though our prior opinions discussing the control of the executive branch over penitentiary inmates referred to the "Board of Charities" and its place in the executive branch as established by SDCL 1-15-1 (repealed 1989), state penitentiary inmates are still under the control of the executive branch.

[¶7.]     Our statutes set forth the supervisory roles of the branches in scenarios where a defendant might otherwise come under dual supervision. Although probationers are subject to the supervision of the judicial branch, SDCL 23A-27-18.1 allows the court to sentence the defendant to a term of imprisonment in the county jail or state penitentiary as a condition of probation. Those sentenced to county jail are placed "under the supervision of the court services officer assigned by the court having jurisdiction of the person." SDCL 23A-27-18.2. However, those offenders who are sentenced to the penitentiary are only under the supervision of the court services officer "upon that person's release from the state penitentiary after completion of the penitentiary term imposed pursuant to § 23A-27-18.1." *Id.* When a court partially suspends a sentence, the defendant "is under the supervision of the Department of Corrections and the Board of Pardons and Paroles. . . . A defendant with an entirely suspended penitentiary sentence is under the supervision of the sentencing court unless the entirely suspended penitentiary sentence is concurrent or consecutive to an additional penitentiary sentence in which case, the defendant is under the supervision of the Board of Pardons and Paroles." SDCL 23A-27-18.4. Thus, within these statutes there is no scenario where a defendant is placed under simultaneous supervision of two branches of government. Even when the court retains jurisdiction pursuant to SDCL 23A-27-19 to suspend a sentence for two years after sentencing, "[a]ny person whose sentence is suspended pursuant to this section is under the supervision of the Board of Pardons and Paroles, except as provided in § 23A-27-18.2." SDCL 23A-27-19.

[¶8.]     These statutes carry out the constitutional doctrine of separation of powers. "The powers of the government of the state are divided into three distinct departments, the legislative, executive and judicial; and the powers and duties of each are prescribed by this Constitution." S.D. Const. art. II. "Article II . . . encompasses three prohibitions: '(1) no branch may encroach on the powers of another, (2) no branch may delegate to another branch its essential constitutionally assigned functions, and (3) quasi-legislative powers may only be delegated to another branch with sufficient standards.'" *Gray v. Gienapp*, 2007 S.D. 12, ¶ 17, 727 N.W.2d 808, 812 (quoting *State v. Moschell*, 2004 S.D. 35, ¶ 14, 677 N.W.2d 551, 558).

[¶9.]     The State contends that SDCL 22-6-11 required the court to grant probation on Sentence 2 because the court did not state any aggravating circumstances at the time of sentencing. SDCL 22-6-11 provides:

> The sentencing court shall sentence an offender convicted of a Class 5 or Class 6 felony, except those convicted under §§ 22-11A-2.1, 22-18-1, 22-18-1.05, 22-18-26, 22-19A-1, 22-19A-2, 22-19A-3, 22-19A-7, 22-19A-16, 22-22A-2, 22-22A-4, 22-24A-3, 22-22-24.3, 22-24-1.2, 22-24B-2, 22-24B-12, 22-24B-12.1, 22-24B-23, 22-42-7, subdivision 24-2-14(1), 32-34-5, and any person ineligible for probation under § 23A-27-12, to a term of probation. The sentencing court may impose a sentence other than probation if the court finds aggravating circumstances exist that pose a significant risk to the public and require a departure from presumptive probation under this section. If a departure is made, the judge shall state on the record at the time of sentencing the aggravating circumstances and the same shall be stated in the dispositional order. Neither this section nor its application may be the basis for establishing a constitutionally protected liberty, property, or due process interest.

Nothing in the plain language of this statute suggests that it attempts to modify the jurisdictional boundaries of the courts or the separation-of-powers doctrine. Nor will we read it in such a way. "If a statute can be construed so as not to violate the Constitution, that construction must be adopted." *State v. Outka*, 2014 S.D. 11, ¶ 24, 844 N.W.2d 598, 606 (quoting *State v. Stark*, 2011 S.D. 46, ¶ 10, 802 N.W.2d 165, 169). "When examining statutes in the context of constitutional provisions, it bears repeating that 'statutes must conform to the Constitution, not vice versa.'" *State v. Wilson*, 2000 S.D. 133, ¶ 15, 618 N.W.2d 513, 519 (quoting *Poppen v. Walker*, 520 N.W.2d 238, 242 (S.D. 1994), *superseded by constitutional amendment*, November 8, 1994 amendment to S.D. Const. art. III, § 25, *as recognized in State v. Fierro*, 2014 S.D. 62, ¶ 23, 853 N.W.2d 235, 243).

[¶10.] South Dakota's presumptive-probation statute makes no mention of a scenario where a defendant is concurrently or consecutively sentenced to the penitentiary for other crimes not requiring presumptive probation. SDCL 22-6-11 must be reconciled with Article II of the South Dakota Constitution. Therefore, it must yield to the constitutionally established jurisdictional boundaries. The judicial branch cannot give itself authority over offenders that are in the state penitentiary by sentencing a person to simultaneous probation and penitentiary sentences. "Once an offender is within the jurisdiction of the executive branch of government, the judicial branch—the circuit court—loses jurisdiction and control." *State v. Oban*, 372 N.W.2d 125, 129 (S.D. 1985) (construing previous version of SDCL chapter 24-15). Thus, probation is not available for those defendants that are incarcerated in the penitentiary or on parole.

[¶11.]     Our decision today does not change the court's ability to suspend a sentence without imposing probation, nor does it affect the court's limited, two-year window to reduce a sentence.  *See* SDCL 23A-27-18.1; 23A-27-18.4; 23A-27-19.  In those circumstances the court is not infringing on the executive's authority to supervise inmates in the penitentiary.

[¶12.]     Consequently, Orr's sentences improperly placed him under simultaneous supervision of the executive and judicial branches.  The sentencing court cannot grant probation where a defendant receives penitentiary time beyond that authorized by SDCL 23A-27-18.1 and SDCL 23A-27-18.2.  Defendant's convictions are valid, but we remand to the circuit court to enter sentences consistent with this opinion.

[¶13.]     GILBERTSON, Chief Justice, and ZINTER, WILBUR, and KERN, Justices, concur.