#30461, #30462-a-SRJ
**2024 S.D. 70**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,  Plaintiff and Appellee,

v.

ZACHARY C. DIETZ,  Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE RACHEL R. RASMUSSEN
Judge

* * * *

MANUEL J. DE CASTRO, JR.
Sioux Falls, South Dakota  Attorney for defendant and appellant.


MARTY J. JACKLEY
Attorney General

STEPHEN G. GEMAR
Assistant Attorney General
Pierre, South Dakota  Attorneys for plaintiff and appellee.

* * * *

CONSIDERED ON BRIEFS
AUGUST 27, 2024
OPINION FILED **11/26/24**

#30461, #30462

JENSEN, Chief Justice

[¶1.]       Zachary C. Dietz pleaded guilty to two counts of counterfeiting lottery tickets in two separate files.  The circuit court imposed five-year suspended sentences on each conviction.  Subsequently, the State filed petitions seeking to revoke Dietz's suspended sentences for alleged violations of the terms of his probation.  Dietz admitted to the violations and the court entered orders executing the entire five-year sentence on one of the convictions and leaving the five-year sentence suspended on the other.[1]  Deitz separately appealed the orders arguing that the circuit court erred by failing to find aggravating circumstances before revoking the suspended sentences.  The State challenges this Court's jurisdiction to hear the appeal.  We consolidate the appeals and affirm.

## Factual and Procedural Background

[¶2.]       On November 9, 2020, an indictment was filed (File No. 20-912) in Lincoln County, South Dakota, charging Dietz with counterfeiting lottery tickets in violation of SDCL 42-7A-30.  A part II habitual offender information was also filed pursuant to SDCL 22-7-7.  Deitz was arraigned on the charge, entered a not guilty plea, and a trial date was set.  Meanwhile, on February 3, 2021, a second

---

1.    The dispositional orders entered by the court following the revocation proceedings were entitled "Judgment and Sentence Revoking Suspended Sentence."  Irrespective of the title used, the substance of the documents reflect they are orders revoking the suspended execution of sentence entered following the original convictions.  Similarly, while not titled a judgment and sentence, the orders for suspended execution of sentence dated June 16, 2021, are the judgments of conviction.  *See Rapid City Journal v. Callahan*, 2022 S.D. 38, ¶ 5 n.1, 977 N.W.2d 742, 745 n.1 (noting that an order suspending the imposition of a sentence was improperly designated as a "judgment"); *see also Huls v. Meyer*, 2020 S.D. 24, ¶ 14, 943 N.W.2d 340, 344 ("[This Court] examine[s] the substance of the circuit court's order over its designation[.]").

indictment (File No. 21-116) was filed in Lincoln County, charging Dietz with a second count of counterfeiting lottery tickets in violation of SDCL 42-7A-30. A part II information was also filed.

[¶3.] Dietz failed to appear for trial in File No. 20-912 and a bench warrant was issued for his arrest. Following his arrest, Dietz entered a not guilty plea to the charge in File No. 21-116. Dietz subsequently entered pleas of guilty to both charges of counterfeiting lottery tickets. Dietz also admitted to the prior felony conviction alleged in each part II information.

[¶4.] The circuit court imposed five-year suspended sentences on the condition that Dietz successfully complete four years of supervised probation. The court ordered the sentences to run consecutively and entered written judgments of conviction in each file on June 16, 2021. Dietz did not appeal either conviction.

[¶5.] On January 24, 2022, the State filed petitions for revocation of Deitz's suspended sentence. The petitions included the following alleged violations: failing to obtain permission from his court services officer before changing his residence; failing to attend all appointments with court services; failing to refrain from consuming alcohol; failing to refrain from possessing or consuming controlled substances; failing to submit to urinalysis testing when directed; and failing to pay for the required testing.

[¶6.] Not long after, Dietz was arrested, made an initial appearance, and was released on bond. The State then filed a motion to revoke bond, alleging Dietz violated the conditions of his release and absconded from probation. Amended revocation petitions were filed on March 24, 2023. The amended petitions alleged

Dietz violated his probation conditions by not attending appointments with his court services officer, failing to complete treatment, and absconding from probation. The amended petitions also alleged that Dietz had engaged in a pursuit with the Minnesota Highway Patrol, resulting in new criminal charges, including possession of marijuana and fleeing a peace officer in a motor vehicle.

[¶7.] Dietz admitted to the violations alleged in the amended petitions. After hearing arguments from counsel and comments from Dietz, the circuit court executed the entire five-year penitentiary sentence in File No. 20-912. In File No. 21-116, the court ordered that the five-year sentence would remain suspended. The sentences were again ordered to run consecutively. A dispositional order was filed in each case on September 4, 2023.

[¶8.] Dietz appealed the orders following the revocation proceeding. On appeal, Dietz argues that the circuit court erred by executing the prison sentence on a presumptive probation offense without a finding of aggravating circumstances that pose a significant risk to the public as required under SDCL 22-6-11. The State, in its brief, raises a threshold issue of whether this Court has jurisdiction to hear an appeal from an order or judgment revoking a suspended execution of sentence.

## Analysis and Decision

### 1. Whether this Court has jurisdiction to review an appeal from an order or judgment revoking a suspended execution of sentence.

[¶9.]     The State challenges the Court's jurisdiction to hear an appeal from an order revoking a suspended execution of sentence. Dietz argues that this Court has appellate jurisdiction to consider this appeal under SDCL 15-26A-3, without identifying a specific subsection under which an order revoking probation is reviewable. Dietz also cites *State v. Stenstrom*, where this Court affirmatively stated, without discussion, that we "have appellate jurisdiction over the circuit court's decision to revoke the suspension of execution of [a] sentence." 2017 S.D. 61, ¶ 16, 902 N.W.2d 787, 791.

[¶10.]     The State contends that SDCL 15-26A-3 only applies to appeals from civil proceedings. *See* SDCL 15-26A-1 ("This chapter shall govern procedure in civil appeals to the Supreme Court of South Dakota."). Further, the State maintains that neither the Legislature nor the Court has identified a subsection within SDCL 15-26A-3 that grants the Court jurisdiction of an appeal from an order revoking a suspended sentence. The State contends that Deitz had thirty days after the judgments of conviction to appeal the sentences imposed therein pursuant to SDCL 23A-32-2 and SDCL 23A-32-15. Relying on *State v. Edelman*, the State argues SDCL chapter 23A-32 does not provide jurisdiction to appeal from a revocation order entered more than thirty days after the final judgment of conviction. 2022 S.D. 7, ¶ 11, 970 N.W.2d 239, 242 (holding that SDCL 23A-32-2 did not afford the defendant the right to appeal a post-conviction order denying a motion to modify

sentence when he did not timely appeal the sentence imposed in the original judgment within thirty days).

[¶11.]     This Court has acknowledged its jurisdiction to consider appeals from a circuit court's order revoking a suspended execution of sentence under SDCL 15-26A-3 in two recent decisions. *See State v. Kari*, 2021 S.D. 33, ¶ 26, 960 N.W.2d 614, 620 (explaining that "appeals under SDCL 15-26A-3 must be from judgments or orders from the circuit court" therefore, this Court did "not have statutory authority to exercise appellate jurisdiction to directly review" an order of termination from a DUI court); *Stenstrom*, 2017 S.D. 61, ¶¶ 15–16, 902 N.W.2d at 791 (recognizing this Court's appellate jurisdiction under SDCL 15-26A-3 to review a circuit court's decision to revoke a suspended sentence but not the actions of a drug court via an appeal of a circuit court's order to revoke a suspended sentence). Neither *Kari* nor *Stenstrom* involved a challenge to this Court's appellate jurisdiction to review an order revoking a suspended execution of sentence by the circuit court and we did not identify the statutory basis for jurisdiction, within SDCL 15-26A-3 or elsewhere, to consider an appeal from such an order. We now take this opportunity to express the statutory basis for our appellate jurisdiction to review an order revoking a suspended execution of sentence.

[¶12.]     This Court has long recognized that "[a] probation revocation proceeding is not a criminal prosecution." *State v. Divan*, 2006 S.D. 105, ¶ 7, 724 N.W.2d 865, 869 (citing *State v. Short Horn*, 427 N.W.2d 361, 362 (S.D. 1988)). *See also State v. Herrlein*, 424 N.W.2d 376, 377 (S.D. 1988); *State v. Martin*, 368 N.W.2d 37, 39 (S.D. 1985); *State v. Burkman*, 281 N.W.2d 442, 443 (S.D. 1979). In at least

one decision, we categorized probation revocation proceedings as "civil proceedings." *State v. Olson*, 305 N.W.2d 852, 853 (S.D. 1981) ("This Court . . . has recognized that revocation proceedings are not criminal prosecutions.  Instead, they are civil proceedings.").  The recognition that a probation revocation proceeding is distinct from a criminal prosecution is also consistent with the separate grant of jurisdiction from the Legislature to the circuit courts "to revoke . . . probation or suspended execution of sentence for violation of its terms and conditions."  SDCL 23A-27-18.5.

[¶13.]        Because probation revocation proceedings are separate and distinct from a criminal prosecution, SDCL chapter 23A-32, governing appeals from criminal proceedings, has no application to the appeal from an order revoking probation entered following a judgment of conviction.[2]  Therefore, this Court's jurisdiction to consider appeals from a revocation order cannot be sourced to SDCL 23A-32-2's authority to review a "final judgment of conviction."[3]

---

2.    In *State v. Elder*, 95 N.W.2d 592, 593 (S.D. 1959), the Court found appellate jurisdiction from an order revoking probation and imposing sentence after the circuit court had originally imposed a suspended imposition of sentence and placed the defendant on probation.  Because a judgment of conviction had not previously been entered, *Elder* characterized the later order revoking probation and imposing sentence as a final judgment of conviction.  In contrast, in *State v. Brassfield*, 2000 S.D. 110, ¶ 8, 615 N.W.2d 628, 631, this Court concluded that the initial order suspending the imposition of sentence is a final and appealable order under SDCL 23A-32-2.  We need not reconcile *Elder* and *Brassfield* since the appeal here is from a suspended execution of sentence, rather than a suspended imposition of sentence.

3.    Our determination that probation revocation proceedings are separate and distinct from a criminal prosecution and the appeal process in SDCL chapter 23A-32 reinforces our prior holdings that an order revoking probation cannot be used to attack the underlying conviction.  *See State v. Reif*, 490 N.W.2d 511, 513 (S.D. 1992).

[¶14.]     We have recognized in other contexts that special proceedings, which arise from, but are ancillary to the criminal prosecution, are appealable as a matter of right under the plain language of SDCL 15-26A-3(4). *See e.g.*, *State v. Wendland*, 2024 S.D. 44, ¶ 5, 10 N.W.3d 229, 232 ("[W]e conclude a right to appeal a forfeiture and default order of a surety bond emanates from SDCL 15-26A-3(4)[.]"); *In re Essential Witness*, 2018 S.D. 16, ¶ 11, 908 N.W.2d 160, 165 (determining a proceeding to summon a witness for an out-of-state criminal case is a civil proceeding for appeal purposes, giving this Court jurisdiction under SDCL 15-26A-3(4)); *State v. Waldner*, 2024 S.D. 67, ¶ 31, ___ N.W.3d ___ (concluding there was a right to appeal under SDCL 15-26A-3(4) from an order denying a victim's motion to quash); *In re Implicated Individual*, 2021 S.D. 61, ¶ 10 n.7, 966 N.W.2d 578, 582 n.7 (finding appellate jurisdiction from a ruling unsealing a search warrant as an appeal of a final order affecting a substantial right made in a special proceeding under SDCL 15-26A-3(4)); *State v. Kieffer*, 187 N.W. 164, 166 (S.D. 1922) (holding that a search warrant proceeding is not a criminal action and is instead a special proceeding appealable under what is now SDCL 15-26A-3(4)).

[¶15.]     SDCL 15-26A-3(4) provides for a right of appeal to the Supreme Court from "[a]ny final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment[.]" We have consistently interpreted this subsection to provide appellate jurisdiction from special proceedings that are ancillary to and separate from a criminal proceeding.

[¶16.]     A revocation proceeding does not afford the defendant the opportunity to re-litigate the issues of guilt and punishment associated with the original offense.

Instead, a revocation proceeding is intended to address allegations that an individual has not complied with the conditions of probation and the enforcement of the suspended sentence because of any noncompliance. *See Reif*, 490 N.W.2d at 513 ("In a revocation proceeding, a constitutional attack on the underlying charge is without merit because the proceeding relates to whether or not the terms of probation have been violated."). Therefore, a revocation proceeding is a special proceeding that is neither a criminal proceeding, nor an ordinary proceeding. *See* SDCL 15-1-1 (defining an ordinary proceeding as an action "by which a party prosecutes another party for . . . the punishment of a public offense[,]" and a special proceeding as "[e]very other remedy[.]").

[¶17.] Given our long-standing recognition that probation revocation proceedings are ancillary to criminal proceedings and our categorization of the proceedings as civil in nature, we conclude that an appeal from a final order revoking a suspended execution of sentence falls within the ambit of SDCL 15-26A-3(4) providing for appellate jurisdiction in "special proceedings" affecting a substantial right. Further, there is no dispute that a circuit court's order revoking a suspended execution of sentence is a final order for the purpose of SDCL 15-26A-3(4) and the revocation of a suspended execution of sentence affects a substantial right. As established in *State v. Christian*, "[t]he Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." 1999 S.D. 4, ¶ 15, 588 N.W.2d 881, 883 (quoting *Black v. Romano*, 471 U.S. 606, 610, 105 S. Ct. 2254, 2257, 85 L. Ed. 2d 636, 642 (1985)).

[¶18.]     Accordingly, a right to appeal an order revoking a suspended execution of sentence exists under SDCL 15-26A-3(4), as such an order qualifies as a "final order affecting a substantial right, made in special proceedings, or upon summary application in an action after judgment[.]"

### 2. *Whether the presumption of probation in SDCL 22-6-11 for certain Class 5 and Class 6 felonies applies to a probation revocation proceeding.*

[¶19.]     "[I]t is well settled that we review a circuit court's decision to revoke a suspended sentence for an abuse of discretion[.]" *Kari*, 2021 S.D. 33, ¶ 24, 960 N.W.2d at 619. However, this appeal asks the Court to consider the applicability of SDCL 22-6-11 to a circuit court's decision to revoke probation and enforce a previously suspended sentence, a question which we review de novo. *State v. Rus*, 2021 S.D. 14, ¶ 11, 956 N.W.2d 455, 457–58 ("Statutory interpretation and application are questions of law, and are reviewed by this Court under the de novo standard of review.").

[¶20.]     Dietz argues that the circuit court erred by revoking probation and imposing a prison sentence for presumptive probation offenses without finding aggravating circumstances that pose a significant risk to the public as required by SDCL 22-6-11. Because the court did not state aggravating circumstances on the record during the probation revocation hearing, or in the written disposition, he argues the disposition should be vacated and the case remanded for a determination of aggravating circumstances.[4] The State asserts that the court did not err by

---

4.     Notably, the circuit court only revoked the suspended sentence in File No. 20-912. In File No. 21-116, a finding of aggravating circumstances would have

(continued . . .)

failing to list aggravating factors when it revoked Dietz's probation and left his other suspended sentence intact because the requirement to state aggravating circumstances under SDCL 22-6-11 applies only at the time of the original sentencing.

[¶21.] "In conducting statutory interpretation, we give words their plain meaning and effect, and read statutes as a whole." *State v. Long Soldier*, 2023 S.D. 37, ¶ 11, 994 N.W.2d 212, 217 (quoting *State v. Bettelyoun*, 2022 S.D. 14, ¶ 24, 972 N.W.2d 124, 131). "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *Id.* (citation omitted).

[¶22.] Applying these principles of statutory interpretation to the case at hand, the language of SDCL 22-6-11 is clear and unambiguous in its application to the "sentencing court" in requiring the court to "sentence an offender" convicted of certain offenses to "a term of probation" unless "aggravating circumstances exist that pose a significant risk to the public[.]" The statute further instructs that "[i]f a departure is made, the judge must state the aggravating circumstances on the record *at the time of sentencing*[.]" SDCL 22-6-11 (emphasis added). The "clear, certain and unambiguous" meaning of SDCL 22-6-11's use of "sentence" and "sentencing" can only refer to the original sentencing determination. *See Long*

---

(. . . continued)
been unnecessary in any event because the circuit court once again imposed a fully suspended five-year sentence.

*Soldier*, 2023 S.D. 37, ¶ 11, 994 N.W.2d at 217. The temporal focus of SDCL 22-6-11 is precise in its application to sentencing.[5]

[¶23.] Further, the statute does not create any continuing presumption of probation if the offender violates a condition of probation during the "term of probation[.]" The text of SDCL 22-6-11 makes clear that the presumptive sentence limitation on the court's discretion extends only to the original sentencing determination and not to probation revocation proceedings. Additionally, other statutes provide that a court may revoke a suspended sentence for probation violations without restriction. *See* SDCL 23A-27-18.5 ("Any court granting probation or a suspended execution of sentence retains jurisdiction to revoke the probation or suspended execution of sentence for violation of its terms and conditions."); SDCL 23A-27-13 ("A court may revoke such [suspended imposition of sentence] at any time during the probationary period and impose and execute sentence[.]").[6]

---

5. Deitz argues that the requirement for the court to state the aggravating circumstances "at the time of sentencing *and in the dispositional order*" supports a broader reading of the statute that encompasses probation revocation proceedings. (emphasis added). However, in absence of any language showing a legislative intention to extend the presumption of probation beyond the time of sentencing, we decline to read the language "dispositional order" to mean anything other than a general reference to the document memorializing the sentence.

6. Moreover, reading SDCL 22-6-11 in its entirety demonstrates that it is not suited to a probation revocation proceeding because it contemplates the potential for an alternative presumptive sentence that could arise only one time—at the sentencing. For defendants who are under the supervision of the Department of Corrections (DOC), the presumptive sentence is not probation under the court's supervision but, rather, a fully suspended prison sentence. *See State v. Humpal*, 2017 S.D. 82, ¶ 13, 905 N.W.2d 117, 121

(continued . . .)

[¶24.]    Dietz's reliance on SDCL 22-6-11 is misplaced, as the statute is limited to a presumption of probation "at the time of sentencing." Accordingly, the circuit court did not err, and there is no basis to vacate the disposition or remand the case to consider aggravating circumstances.

[¶25.]    We affirm.

[¶26.]    KERN, SALTER, DEVANEY, and MYREN, Justices, concur.

---

(. . . continued)

(quoting *State v. Orr*, 2015 S.D. 89, ¶ 10, 871 N.W.2d 834, 838) (holding "probation is not available for those defendants that are incarcerated in the penitentiary or on parole"). A defendant who receives one of these presumptive fully suspended prison sentences remains under the supervision of the DOC and, in the event of a violation of the terms of that suspended sentence, could not claim the presumption afforded by SDCL 22-6-11 in the circuit court. *See Orr*, 2015 S.D. 89, ¶ 10, 871 N.W.2d at 838 ("Once an offender is within the jurisdiction of the executive branch of government, the judicial branch—the circuit court—loses jurisdiction and control." (citation omitted)).