#31154-r-SPM
**2026 S.D. 29**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

STATE OF SOUTH DAKOTA,                                    Plaintiff and Appellant,

   v.

WILEY JOE PICKNER,                                          Defendant and Appellee.

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

THE HONORABLE M. BRIDGET MAYER
Judge

MARTY J. JACKLEY
Attorney General

ERIN E. HANDKE
Assistant Attorney General
Pierre, South Dakota                              Attorneys for plaintiff and
                                                  appellant.


JUSTIN L. BELL of
May, Adam, Gerdes & Thompson, LLP
Pierre, South Dakota                              Attorneys for defendant and
                                                  appellee.

ARGUED
MARCH 19, 2026
OPINION FILED **05/13/26**

#31154

MYREN, Justice

[¶1.] A jury found Wiley Pickner guilty of third-degree rape. The circuit court entered a judgment of conviction and sentenced him to a term in the penitentiary. Pickner was released from the penitentiary on parole supervision in March 2022. In January 2023, Pickner filed a motion for a sentence reduction pursuant to SDCL 23A-31-1, specifically requesting a suspended imposition of sentence. The circuit court granted the motion and placed Pickner on probation. The State filed a motion to reconsider, challenging the circuit court's authority to modify Pickner's conviction into a suspended imposition of sentence. The circuit court denied the State's motion, and the State filed an appeal, which this Court dismissed. The State then filed a motion to correct an illegal sentence, which the circuit court denied. This Court granted the State's petition for a discretionary appeal. We reverse.

**Factual and Procedural Background**

[¶2.] A jury convicted Pickner of third-degree rape in September 2020. In January 2021, the circuit court found Pickner guilty, sentenced Pickner to ten years in the penitentiary with seven years suspended, and entered a judgment of conviction. Pickner did not file any appeals challenging his conviction or his sentence. Pickner was released from the penitentiary in March 2022 and placed on parole supervision with the Department of Corrections (DOC).

[¶3.] While still on parole, Pickner filed a "motion for sentence reduction" pursuant to SDCL 23A-31-1 in January 2023. He asked the circuit court "to vacate the judgment of conviction and grant a suspended imposition of sentence."

-1-

[¶4.]        The circuit court held a modification hearing in March 2023. Pickner reiterated the request in his motion—that the circuit court vacate his conviction, grant a suspended imposition of sentence, and place him on probation. The State opposed the motion. The circuit court granted Pickner's request for a suspended imposition of sentence and placed him on probation for 15 years. The circuit court stated that it was not vacating Pickner's conviction but merely modifying it.

[¶5.]        Before the circuit court entered a written order reflecting its decision, the State filed a motion to reconsider. The State advanced two arguments. First, the State asserted that, because Pickner was a parolee and subject to the supervision of the DOC, the circuit court did not have jurisdiction to modify Pickner's sentence in a way that deprived the DOC of supervision. It asserted that such a modification would violate the separation of powers between the executive and judicial branches. Second, the State argued that SDCL 23A-27-19 and SDCL 23A-31-1 (which generally give the circuit court jurisdiction to reduce or suspend a sentence for two years after its imposition) do not authorize the circuit court to vacate a judgment of conviction to grant a suspended imposition of sentence. Pickner opposed the State's motion, claiming that SDCL 23A-31-1 grants the circuit court continuing jurisdiction to modify its sentence during the two years after it is originally imposed, and that because Pickner was eligible to receive a suspended imposition of sentence when he was originally sentenced, he could receive one on a motion for a reduction of his sentence.

[¶6.]        The circuit court denied the State's motion to reconsider and entered a written order granting Pickner a suspended imposition of sentence. In the circuit

court's order, it explained, "[i]f necessary to achieve the reduction of sentence as stated herein, the previous judgments are vacated, and the court is granting or modifying or reducing" Pickner's original sentence to a suspended imposition of sentence.

[¶7.]     The State appealed the circuit court's order suspending the imposition of sentence. This Court dismissed the appeal, determining there is no statute providing appellate jurisdiction from a circuit court's decision to modify a sentence. When the case returned to the circuit court, the State filed a motion to correct Pickner's sentence under SDCL 23A-31-1, claiming the circuit court's modification of Pickner's sentence was illegal or imposed in an illegal manner. The State advanced substantially the same arguments it made in conjunction with its motion to reconsider. Pickner opposed the State's motion on the merits and also argued that res judicata barred the State's current attempt to challenge the circuit court's modified sentence.

[¶8.]     The circuit court denied the State's motion to correct Pickner's sentence. It concluded that it had authority under SDCL 23A-31-1 and SDCL 23A-27-19 to grant a suspended imposition of sentence under the circumstances presented in this case. It also concluded that res judicata barred the State's attempt to challenge the sentence reduction after its initial attempt failed.

[¶9.]     The State filed a petition for a discretionary appeal, which this Court granted. The State raises the following issues: (1) whether the circuit court erred when it concluded the State's motion to correct Pickner's sentence was barred by res judicata; (2) whether the circuit court erred when it concluded it had jurisdiction

and statutory authority to vacate a conviction to grant a suspended imposition of sentence.

### Decision

### 1. Whether the circuit court erred when it concluded the State's motion to correct Pickner's sentence was barred by res judicata.

[¶10.] "A decision on the question of the application of res judicata is reviewed de novo." *Nemec v. Goeman*, 2012 S.D. 14, ¶ 11, 810 N.W.2d 443, 446 (citing *People ex rel. L.S.*, 2006 S.D. 76, ¶ 21, 721 N.W.2d 83, 89). "The trial court's findings of fact will be upheld unless clearly erroneous." *Id.* (quoting *Pietrzak v. Schroeder*, 2009 S.D. 1, ¶ 38, 759 N.W.2d 734, 744).

[¶11.] "We have recognized two 'distinct' types of res judicata—issue preclusion and claim preclusion[.]" *Ceplecha v. Sullivan*, 2023 S.D. 63, ¶ 27, 998 N.W.2d 351, 358. "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided[.]" *Id.* (quoting *Piper v. Young*, 2019 S.D. 65, ¶ 22, 936 N.W.2d 793, 804). It "prevents relitigation only of issues actually litigated in a prior proceeding." *Healy Ranch, Inc. v. Healy*, 2022 S.D. 43, ¶ 41, 978 N.W.2d 786, 798 (emphasis omitted) (quoting *Nelson v. Hawkeye Sec. Ins. Co.*, 369 N.W.2d 379, 381 (S.D. 1985)). Claim preclusion is broader than issue preclusion because "[w]hat is prohibited . . . under claim preclusion is [a] cause of action itself," not just a discrete issue. *Id.* (citations omitted). It "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an

earlier suit[.]" *Ceplecha*, 2023 S.D. 63, ¶ 27, 998 N.W.2d at 358 (citation omitted). The theory advanced by Pickner involves issue preclusion.

[¶12.]      "The difference between issue and claim preclusion is largely 'one of degree and emphasis[.]'" *Healy Ranch, Inc.*, 2022 S.D. 43, ¶ 41, 978 N.W.2d at 798 (quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402 (3d ed. 2021)).  For this reason, "[w]e have frequently applied [the same elements] to res judicata arguments under both issue preclusion and claim preclusion theories."  *Id.* ¶ 43, 978 N.W.2d at 799 (collecting cases where this Court applied the same elements to res judicata arguments premised on claim and issue preclusion theories).  This Court applies a four-part test to res judicata claims:

> (1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issue in the prior adjudication.

*Dakota, Minn. & E. R.R. Corp. v. Acuity*, 2006 S.D. 72, ¶ 17, 720 N.W.2d 655, 661 (citations omitted).

[¶13.]      In its memorandum opinion, the circuit court concluded that "all the factors stated above weigh in favor of [Pickner]."  The circuit court noted that the issue raised in the State's motion to correct Pickner's sentence was identical to the issue raised in its motion to reconsider, its denial of the State's motion to reconsider was a "final order," the parties were the same, and the State had a full and fair opportunity to litigate in the "prior adjudication."

[¶14.]      A fatal flaw with the circuit court's analysis is that the State was precluded from obtaining appellate review of the circuit court's original decision

that it was authorized to grant a suspended imposition of sentence in these circumstances. "Even where it is the case that the availability of appellate review is not always considered an essential predicate of collateral estoppel, the unavailability of appellate review strongly militates against giving a judgment preclusive effect." 50 C.J.S. Judgments § 1000 (footnote omitted); *see also* Restatement (Second) of Judgments § 28 (1982) ("Although an issue is actually litigated and determined by a valid final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded [when] [t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action[.]"); *Standefer v. United States*, 447 U.S. 10, 21–25 (1980) (describing the problems associated with applying collateral estoppel in criminal cases against the State, one of which is that "in a criminal case the [State] has no similar avenue to correct errors").

[¶15.]     The State promptly opposed Pickner's motion for a sentence reduction. After the circuit court granted Pickner's motion for a sentence reduction, the State filed a motion requesting the circuit court reconsider its decision. The circuit court denied that motion, and the State appealed that denial to this Court. This Court dismissed the appeal because the circuit court's order suspending the imposition of sentence was not an order appealable as a matter of right. When the case returned to the circuit court, the State filed a motion contending that the circuit court imposed an illegal sentence, or imposed it in an illegal manner, and asking the circuit court to correct that sentence. There was substantial overlap between the

arguments and issues raised by the State's motion for reconsideration and its motion to correct Pickner's sentence. After the circuit court denied its motion, the State filed a petition for a discretionary appeal, which this Court granted. In the circumstances of this case, the State's inability to obtain appellate review of its challenge to Pickner's sentence modification "strongly militates against" giving preclusive effect to the circuit court's order reducing Pickner's sentence.[1] The circuit court erred in concluding that the State was barred by res judicata from challenging the legality of the circuit court's order suspending the imposition of sentence in the circumstances presented in this case.

> **2.      Whether the circuit court erred when it concluded it had jurisdiction and statutory authority to vacate a judgment of conviction to grant a suspended imposition of sentence.**

[¶16.]      The State advances two principal arguments. First, it contends that because Pickner was under the executive branch's supervision, the circuit court lacked jurisdiction to modify Pickner's sentence in a manner that deprived the DOC of supervision (the separation-of-powers theory). Second, the State contends that

---

1.      For substantially the same reason, the law of the case doctrine does not apply to this appeal. "The 'law of the case' doctrine is intended to afford a measure of finality to litigated issues." *Grynberg Expl. Corp. v. Puckett*, 2004 S.D. 77, ¶ 21, 682 N.W.2d 317, 322 (emphasis omitted) (citation omitted). "[T]he doctrine is usually applied when a question decided on a former *appeal* is questioned in a second or any subsequent appeal involving any branch of the case." *Id.* (citation omitted); *see also In re Pooled Advocate Trust*, 2012 S.D. 24, ¶ 23, 813 N.W.2d 130, 139 (citation omitted) ("The 'law of the case' doctrine . . . stands for the general rule that 'a question of law decided by the [S]upreme [C]ourt on a former appeal becomes the law of the case . . . and will not ordinarily be considered or reversed on a second appeal when the facts and the questions of law presented are substantially the same.'"). Here, there is no former appeal because the State was prohibited from obtaining appellate review, until now.

the plain language of SDCL 23A-27-19 and SDCL 23A-31-1 does not allow the circuit court to vacate a conviction to enter a suspended imposition of sentence. Underlying this argument is the premise that those statutes do not authorize the circuit court to alter a defendant's conviction status after a sentence has been imposed.

[¶17.] Both of the State's arguments challenge the circuit court's jurisdiction, but each require its own analysis. Both are subject to the same standard of review. "[W]hether a defendant's sentence exceeds the jurisdiction and authority of the court is reviewed de novo." *State v. Humpal*, 2017 S.D. 82, ¶ 6, 905 N.W.2d 117, 119 (citation omitted). "The power to sentence comes from statutory and constitutional provisions." *Id.* (citation omitted). Thus, without statutory or constitutional authorization, a circuit court is without power to act. Additionally, "[t]his Court reviews 'issues of statutory interpretation de novo.'" *State v. Biteler*, 2025 S.D. 73, ¶ 12, 29 N.W.3d 894, 897 (quoting *State v. Long Soldier*, 2023 S.D. 37, ¶ 11, 994 N.W.2d 212, 217).

[¶18.] Before reaching the merits, we briefly address the proceedings in the circuit court and our appellate jurisdiction. Under SDCL 23A-31-1, the circuit court may "correct an illegal sentence" or "correct a sentence imposed in an illegal manner[.]" A court's decision to suspend the imposition or execution of a sentence is subject to statutory limitation. *See* S.D. Const. art. V, § 5 ("*Imposition* or execution *of a sentence may be suspended* by the court empowered to impose the sentence *unless otherwise provided by law*." (emphasis added)). We have held that when a court is without statutory "power or authority to suspend a prior offender's sentence

. . . the purported suspension order [is] void." *State v. Griffee*, 331 N.W.2d 576, 578

(S.D. 1983) (citing *State ex rel. Grant v. Jameson*, 17 N.W.2d 714, 714 (S.D. 1945)).[2]

For the reasons discussed below, the circuit court's order suspending the imposition

of sentence in this instance was entered without statutory authority. Although the

Legislature has not defined the phrase "illegal sentence" as used in SDCL 23A-31-1,

a sentence imposed without statutory authority, even when it purports to suspend

the imposition of sentence, falls within the meaning of an "illegal sentence" under

the statute. *See State v. Copenhaver*, 844 N.W.2d 442, 447 (Iowa 2014) (citation

omitted) ("An illegal sentence is a sentence that is not permitted by statute.").

[¶19.]     The circuit court's order denied the State's motion to correct an illegal

sentence. This Court has discretionary authority to review such an order. *See*

SDCL 23A-32-22 (emphasis added) ("An appeal . . . may be taken . . . from an order

*granting or denying a motion* to correct an illegal sentence or an order *granting or*

*denying a motion* to correct a sentence imposed in an illegal manner."). An appeal

under SDCL 23A-32-22 "is not a matter of right but of sound judicial discretion."

We acquired jurisdiction upon granting the State's request for a discretionary

appeal.

> a.     *Whether the circuit court violates the separation-of-powers*
> *doctrine when it modifies its sentence after imposing a*
> *penitentiary sentence.*

[¶20.]     The State's separation-of-powers argument is based on the principles

discussed in this Court's decision in *State v. Orr*, 2015 S.D. 89, 871 N.W.2d 834, and

---

2.     *Griffee* specifically examined SDCL 23A-27-13 and determined the sentence
       was not authorized as a suspended imposition of sentence under the statute.
       *Id.* at 577.

associated precedents. The State claims that "[o]nce a defendant is sentenced to prison, the circuit court loses jurisdiction, and the defendant falls under the control of the executive branch." Applying that theory here, the State argues that "[b]ecause Pickner was on Parole at the time the circuit court vacated its finding of guilt and entered a suspended imposition of sentence, it did not have jurisdiction to do so; he was under supervision of the executive branch."

[¶21.]     The primary concern in *Orr* was the prevention of simultaneous supervision of a criminal defendant by both the executive and judicial branches. In *Orr*, the circuit court sentenced a criminal defendant to serve a term in the penitentiary in addition to a probationary term. 2015 S.D. 89, ¶ 2, 871 N.W.2d at 835. The defendant appealed, claiming the circuit court "exceeded its authority by imposing sentences that subject him to simultaneous supervision by the executive and legislative branches." *Id.*

[¶22.]     This Court reversed and remanded for resentencing, explaining that "[p]robationers are subject to the supervision of our judicial branch." *Id.* ¶ 5, 871 N.W.2d at 836. "In contrast to those placed on probation, inmates of the state penitentiary are under the control of the executive branch." *Id.* ¶ 6, 871 N.W.2d at 836. This Court examined SDCL chapter 23A-27 and determined that "within these statutes there is no scenario where a defendant is placed under the simultaneous supervision of two branches of government." *Id.* ¶ 7, 871 N.W.2d at 837; *see also State v. Hurst*, 507 N.W.2d 918, 923 (S.D. 1993) (alterations in original) (citation omitted) ("[O]nce an offender is within the jurisdiction of the executive branch of government, the judicial branch—the circuit court—loses jurisdiction and

control[.]"). "These statutes carry out the constitutional doctrine of separation of powers." *Orr*, 2015 S.D. 89, ¶ 8, 871 N.W.2d at 837. *Orr* was not the first time this Court had recognized the principle that a criminal defendant may not be subject to the simultaneous supervision of both the executive and judicial branches. *See State v. Moon*, 514 N.W.2d 705, 706 (S.D. 1994) (per curiam); *State v. McConnell*, 495 N.W.2d 658, 658 (S.D. 1993), *State v. Wooley*, 461 N.W.2d 117, 121 (S.D. 1990).

[¶23.] While the State's argument is premised on the language used by this Court in *Orr*, the State's understanding of that language is broader than the Court intended. The State contends that any time a circuit court sentences a defendant to the penitentiary, the circuit court forever relinquishes jurisdiction over all matters related to the defendant. However, that result is not consistent with statutory law or this Court's precedent. Most specifically, both SDCL 23A-27-19 and SDCL 23A-31-1 explicitly grant the circuit court continuing jurisdiction after sentencing for the purpose of reducing or suspending a criminal defendant's sentence in certain circumstances.

[¶24.] This Court recognized this distinction in *Orr* by noting that the dual supervision concerns identified in that case did not "affect the court's limited, two-year window to reduce a sentence. In those circumstances the court is not infringing on the executive's authority to supervise inmates in the penitentiary." 2015 S.D. 89, ¶ 11, 871 N.W.2d at 838 (internal citations omitted).

[¶25.] This Court's precedent, SDCL 23A-27-19, and SDCL 23A-31-1 authorize the circuit court to reduce or suspend a defendant's sentence even if the defendant is sentenced to incarceration under the DOC's supervision. The circuit

court's order removed Pickner from the supervision of the DOC and placed him solely under the supervision of the judiciary. Because there was no period of dual supervision, the circuit court's actions do not raise the separation-of-powers concerns addressed in *Orr*.

[¶26.] Although *Orr* and the separation of powers doctrine do not preclude the circuit court from modifying its sentence, that does not resolve the question of whether the circuit court had authority under the relevant statutes to grant the type of relief it ordered in this case.

        b.     *Whether SDCL 23A-27-19 and SDCL 23A-31-1 authorized the circuit court to vacate a conviction to grant Pickner a suspended imposition of sentence.*

[¶27.] In its motion to correct Pickner's sentence, the State argued that the circuit court "entered an Order suspending imposition of sentence in violation of the statute and outside of the authority granted to it by the Legislature, thereby imposing an illegal sentence or imposing a sentence in an illegal manner." The thrust of the State's argument is that the relevant statutes do not authorize the circuit court to vacate a judgment of conviction to enter a suspended imposition of sentence. In the State's view, if the circuit court desires to suspend imposition of a sentence, it must do so when a defendant is initially sentenced.

[¶28.] "[W]hether a defendant's sentence exceeds the . . . authority of the court is reviewed de novo." *Humpal*, 2017 S.D. 82, ¶ 6, 905 N.W.2d at 119 (citation omitted). Additionally, "[t]his Court reviews 'issues of statutory interpretation de novo.'" *Biteler*, 2025 S.D. 73, ¶ 12, 29 N.W.3d at 897 (quoting *Long Soldier*, 2023

S.D. 37, ¶ 11, 994 N.W.2d at 217). "Under this standard, no deference is given to the circuit court's interpretation of [SDCL 23A-27-19 and SDCL 23A-31-1]."[3] *Id.*

[¶29.]     "The purpose of statutory interpretation is to discover legislative intent." *State v. Bettelyoun*, 2022 S.D. 14, ¶ 24, 972 N.W.2d 124, 131 (quoting *State v. Bryant*, 2020 S.D. 49, ¶ 20, 948 N.W.2d 333, 338). "[T]he starting point when interpreting a statute must always be the language itself." *Id.* (alteration in original) (citation omitted). "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *State v. Armstrong*, 2020 S.D. 6, ¶ 16, 939 N.W.2d 9, 13 (quoting *State v. Myrl & Roy's Paving, Inc.*, 2004 S.D. 98, ¶ 6, 686 N.W.2d 651, 654). "[Because] statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject." *State v. Turner*, 2025 S.D. 13, ¶ 45, 18 N.W.3d 673, 688 (alteration in original) (quoting *In re Estate of Ricard*, 2014 S.D. 54, ¶ 8, 851 N.W.2d 753, 756).[4]

---

3.     This Court has held that the circuit court has discretionary authority under SDCL 23A-31-1. *State v. Pentecost*, 2015 S.D. 71, ¶ 8, 868 N.W.2d 590, 593. When the circuit court's decision in a matter is discretionary, this Court applies the abuse-of-discretion standard of review. Although this Court has not clearly announced the applicable standard of review for decisions under SDCL 23A-27-19, it has explained more generally that "courts have broad discretion in fashioning an appropriate sentence." *State v. Ross*, 2018 S.D. 59, ¶ 36, 916 N.W.2d 141, 151. Nevertheless, the appropriate standard of review in this appeal is the de novo standard because the question is whether either of those statutes authorizes the circuit court to modify a sentence in the way this circuit court did.

4.     The events of this case occurred before the enactment of SDCL 23A-27-13.3 in 2025. 2025 S.D. Sess. Laws ch. 102 § 2. That statute provides, "[n]o person

(continued . . .)

[¶30.]     A circuit court has the authority to grant a suspended imposition of
sentence as the result of SDCL 23A-27-13, which provides:

> Except as provided in § 23A-27-13.3, *upon receiving a verdict or
> plea of guilty for a felony* not punishable by death or life
> imprisonment by a person never before convicted of a crime that
> at the time of conviction constitutes a felony in this state, a
> court having jurisdiction of the defendant, if satisfied that the
> ends of justice and the best interest of the public as well as the
> defendant will be served thereby, may, *without entering a
> judgment of guilt,* and with the consent of the defendant,
> suspend the imposition of sentence and place the defendant on
> probation for a period and upon any terms and conditions as the
> court may deem best.  No person who has previously been
> granted, whether in this state or any other, a suspended
> imposition of sentence for a felony, is eligible to be granted a
> second suspended imposition of sentence for a felony.  A court
> may revoke the suspension at any time during the probationary
> period and impose and execute sentence without diminishment
> or credit for any of the probationary period.

(Emphasis added.)

[¶31.]     Under the plain language of the statute, the circuit court does not
enter a judgment of guilt when it grants a suspended imposition of sentence.
Moreover, it may grant a suspended imposition even when a jury has found the
defendant guilty.  However, the jury's finding of guilt remains while the defendant
completes their probationary requirements.  This is because the circuit court will
revoke the suspended imposition and impose a sentence if the defendant is
unsuccessful in his probationary efforts.  The circuit court cannot impose a sentence

---

(. . . continued)
     who has been convicted of, or pled guilty or nolo contendere to, rape under
     subdivision 22-22-1(2) or (3) may be granted a suspended imposition of
     sentence under § 23A-27-13."  Pickner was convicted of third-degree rape
     under SDCL 22-22-1(3).  Neither party has advanced any argument that this
     statute is applicable to this case.  Consequently, we are not called upon to
     address whether the statute operates retroactively.

without a finding of guilt. *See also* SDCL 23A-27-17 (emphasis added) (upon

completion of probation, "a court shall order that all official records . . . be sealed

along with all records relating to the person's arrest, indictment or information,

trial, *finding of guilt*, and dismissal and discharge.").

[¶32.] Under SDCL 23A-27-19, a circuit court has the authority to "suspend[]

any sentence for a period of two years from the effective date of the judgment of

conviction[.]"[5] Circuit courts have additional authority to "reduce a sentence" under

SDCL 23A-31-1, which provides in relevant part, "A court may reduce a sentence:

(1) Within two years after the sentence is imposed[.]"[6] The question presented by

---

5. In full, SDCL 23A-27-19 reads:

> The sentencing court retains jurisdiction for the purpose of
> suspending any sentence for a period of two years from the
> effective date of the judgment of conviction, notwithstanding the
> fact that the time for an appeal from such judgment is limited to
> a short period of time. The court shall notify the attorney who
> prosecuted the person or the successor in office of the
> prosecuting attorney at least fourteen days in advance of the
> suspension. Notice shall be provided to any victim by the
> prosecuting attorney or the successor in office pursuant to the
> provisions of § 23A-27-1.2. Any person whose sentence is
> suspended pursuant to this section is under the supervision of
> the Board of Pardons and Paroles, except as provided in § 23A-
> 27-18.2. The board is charged with the responsibility for
> enforcing the conditions imposed by the sentencing judge, and
> the board retains jurisdiction to revoke the suspended portion of
> the sentence for violation of the terms of parole or the terms of
> suspension.

6. In full, SDCL 23A-31-1 reads:

> A court may correct an illegal sentence at any time and may
> correct a sentence imposed in an illegal manner within the time
> provided in this section for the reduction of sentence. A court
> may reduce a sentence:

(continued . . .)

#31154

this case is whether either of those statutes authorizes a circuit court to vacate a criminal conviction.

[¶33.] The statutory scheme establishing suspended imposition of sentence contemplates that the court will not enter a finding of guilt. When it imposed its original sentence, the circuit court accepted the jury's finding that Pickner was guilty of rape and entered a judgment of conviction. Consequently, to grant a suspended imposition of sentence, the circuit court was required to vacate its prior judgment of conviction. The circuit court recognized this situation and attempted to address it in its order by explaining that "[i]f necessary to achieve the reduction of sentence as stated herein, the previous judgments are vacated, and the court is granting or modifying or reducing" Pickner's original sentence. However, the circuit court did not address the source of its authority to vacate a judgment of conviction to grant a suspended imposition of sentence.

[¶34.] The plain language of SDCL 23A-31-1 does not allow the circuit court to vacate a judgment of conviction and retroactively impose a categorically different sentence under the guise of "reducing" the original sentence. The plain meaning of

_____

(. . . continued)

        (1) Within two years after the sentence is imposed;
        (2) Within one hundred twenty days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal; or
        (3) Within one hundred twenty days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction; whichever is later. A court may also reduce a sentence upon revocation of probation or suspension of sentence as provided by law. The remedies provided by this section are not a substitute for nor do they affect any remedies incident to post-conviction proceedings.

-16-

"reduce" means "to diminish in size, amount, extent, or number" or "to make shorter[.]" *Reduce*, Merriam-Webster, https://www.merriam-webster.com/dictionary/reduce (last visited May 11, 2026). Inherent in the phrase "reduce a sentence[,]" as used in SDCL 23A-31-1, is the idea that the originally imposed sentence remains, but some aspect (like duration) is diminished. The circuit court did not simply reduce Pickner's sentence. Instead, it vacated its prior judgment of conviction and imposed a categorically different form of consequence: a suspended imposition of sentence with its attendant probationary period. The circuit court lacked this authority under the plain language of SDCL 23A-31-1.

[¶35.]    Similarly, the operative language in SDCL 23A-27-19 is the phrase "for the purpose of suspending any sentence[.]" While this statute clearly grants the circuit court "jurisdiction for the purpose of suspending any sentence[,]" *id.*, it does not authorize the circuit court to vacate a valid judgment of conviction. If the Legislature had intended to authorize the circuit court to vacate a judgment of conviction to achieve its sentencing objectives under SDCL 23A-27-19, it could have indicated that intention in the text of the statute.

[¶36.]    Neither SDCL 23A-27-19 nor SDCL 23A-31-1 authorize the circuit court to grant a suspended imposition of sentence after entering a judgment of conviction. Because the circuit court exceeded its authority when it granted a form of relief that is not available under SDCL 23A-27-19 and SDCL 23A-31-1, we reverse the circuit court's order suspending the imposition of Pickner's sentence.

[¶37.]    We are fully aware that prosecutors have routinely asked circuit courts to delay entering a suspended imposition of sentence to allow the defendant to

"prove themselves" or "earn" that opportunity. However, such requests are not consistent with the statutory authority granted to circuit courts. Under the statutory authority presently in effect, the circuit court must determine, at the time of sentencing, whether "the ends of justice and the best interest of the public as well as the defendant will be served" by a suspended imposition of sentence. SDCL 23A-27-13.

[¶38.] JENSEN, Chief Justice, and GUSINSKY, Justice, concur.

[¶39.] SALTER, Justice, and MAMMENGA, Circuit Court Judge, concur in part and dissent in part.

[¶40.] MAMMENGA, Circuit Court Judge, sitting for DEVANEY, Justice, who deemed herself disqualified and did not participate.

SALTER, Justice (concurring in part and dissenting in part).

[¶41.] A suspended imposition of sentence is not a sentence at all, period; it's not an illegal one, it's not an illegally imposed one, and it's not a reduced one. At the risk of sounding too glib, that's the whole point. A court's decision to not impose a sentence prevents the entry of a judgment of conviction, which, in turn, spares an accused the stigma or collateral consequences of a conviction. *See* SDCL 23A-27-13 (authorizing a court to suspend the imposition of sentence "*without entering a judgment of guilt*" for a person "*never before convicted of a . . . felony*" (emphasis added)).

[¶42.] For this reason, the circuit court here did not "reduce" Pickner's sentence under SDCL 23A-31-1 when it vacated his final and unchallenged judgment of conviction in order to then suspend the imposition of the sentence it

-18-

had already imposed. Instead, the court *eliminated* the sentence entirely and, with it, Pickner's rape conviction—something not contemplated by SDCL 23A-31-1, which permits only correcting or reducing an actual sentence. Nor was the court's decision authorized under SDCL 23A-27-19, which simply allows the court to suspend an existing sentence.

[¶43.] On this point, I agree with the Court's conclusion that the circuit court lacked the authority to do what it did. But how precisely we get to the merits of that determination given the current procedural posture is another matter altogether, and one on which, I'm afraid, I part company with my colleagues.

[¶44.] In my view, the circuit court's order at issue in this appeal doesn't implicate a "sentence correction" any more than its earlier order purported to be a "sentence reduction." Each order rests on the same flawed SDCL 23A-31-1 premise—i.e., that, initially, Pickner's sentence was being reduced or, now, that the State is attempting to correct a sentence. There is no longer a sentence to correct, and the one that was imposed originally was perfectly lawful; the State is now trying to restore a *final conviction*, but SDCL 23A-31-1 doesn't permit that. And the fact that we granted the State's petition for intermediate appeal does nothing to make SDCL 23A-31-1 a plausible theory for relief. But it does illustrate the delicate position in which the Court finds itself—faced with an unauthorized order vacating a valid rape conviction with seemingly no way to correct it; that is, until the Court created one.

[¶45.] It didn't have to be this way, however. When we dismissed the State's first appeal, we did so by a narrow 3-2 vote. In a brief dissenting comment on the

order of dismissal, I suggested that there was no principled difference between vacating a final judgment of conviction, as the circuit court did, and dismissing an indictment or granting a post-verdict judgment of acquittal, both of which would be appealable by the State as a matter of right under SDCL 23A-32-4. And the fact that the statute doesn't expressly authorize an appeal from an order vacating an otherwise unchallenged final conviction most likely reflects the reality that the Legislature would not envision a court exceeding its authority in this way.

[¶46.] Under the circumstances, I believe we should recall and vacate the order dismissing the State's earlier direct appeal as having been improvidently entered. *See Lesmeister v. Dewey County*, 65 N.W.2d 136, 136 (S.D. 1954) (recognizing the ability to recall the remittitur "in case of fraud, mistake or inadvertence"). Then, operating within the original appeal, we can properly adjudicate the merits of this case. By not correcting our earlier error in this way and deciding the case in its current posture, we risk endorsing an incorrect view of what constitutes a criminal "sentence" to justify an otherwise correct result.

[¶47.] MAMMENGA, Circuit Court Judge, joins this writing.